## JONES v. THE FERGER GRAIN CO.

*Negligence — Personal injury — Master and servant — Workmen's compensation law — Res ipsa loquitur doctrine.*

1. Prior to the enactment of the Workmen's Compensation Law the *res ipsa loquitur* doctrine as a rule did not apply as between master and servant, but with the common-law defenses denied an employer, the employer and employe are placed in the position of strangers to each other, in so far as that rule is concerned.

2. The breaking of an elevator rope when bearing a load, which, when in proper condition, it would have borne without breaking, is some evidence that the rope had become defective and is sufficient to require the submission of the case to the jury.

3. Attempted explanations by the defendant of the breaking of the rope may be found by the jury to be unsatisfactory, and the jury may find for the plaintiff by applying the doctrine of *res ipsa loquitur.*

(Decided March 26, 1917.)

ERROR: Court of Appeals for Hamilton county.

*Mr. B. F. Graziani* and *Mr. Thos. L. Michie,* for plaintiff in error.

*Mr. Jno. C. Hermann* and *Mr. Sherman T. Mc-Pherson,* for defendant in error.

HAMILTON, J.    This cause comes into this court on a petition in error to the superior court of Cincinnati.

The plaintiff below in his amended petition alleges that the defendant is a corporation organized under the laws of Ohio, engaged in operating a grain elevator and storage room for grain, feed and other material of like character; that in March, 1912, he was employed by defendant company as

a common laborer to work in and about defendant's place of business, and was so engaged until about October, 1913, when the defendant ordered and directed the plaintiff to run and operate an elevator or lift, from the first floor to the third floor in said elevator and storage building; and that pursuant to said orders and directions plaintiff operated and ran said elevator or lift, and on the 26th day of December, 1913, while plaintiff was operating said elevator or lift, the rope operating the elevator or lift broke without notice or warning, causing the elevator to fall, carrying plaintiff with it, from the third floor to the first floor of the building, some eighty feet descent, causing serious and permanent injuries.     The amended petition further states that said defendant corporation at and before the time of said injury employed five workmen regularly in the same business and had not paid into the state insurance fund the premium provided by the law known as the Workmen's Compensation Law.     The petition further alleges negligence on the part of defendant in not furnishing a safe place for plaintiff to work, with proper safeguards, and in furnishing unsafe appliances and attachments; that the rope was unfit for the purpose, and defective in certain respects.     Other acts of negligence are alleged, but they are not necessary to the consideration of the question of error involved.

The defendant's answer admits that it is a corporation engaged in the business of operating a grain elevator, etc., as stated in the amended petition.     It further admits that the plaintiff was employed by it upon the 26th of December, 1913; ad-

mits the operation of the man-lift by the plaintiff, and the breaking of the rope, thereby causing said lift to fall as alleged in the petition. The answer also admits that at the time of the injury to plaintiff it employed more than five men regularly in the same business and in and about the same establishment, and that it had not paid into the state insurance fund any premium provided by the act of the general assembly of Ohio known as "The Workmen's Compensation Law," which act was in full force and effect at said time. The answer then denies the allegations of permanent injury to the extent of the injuries complained of; avers that the lift and all its appliances were in first-class condition and proper working order; and denies any negligence on the part of defendant, but alleges that the breaking of the rope was due to the carelessness of the plaintiff.

Plaintiff in his reply denies that said lift and all its appliances were in first-class condition; denies that the breaking of the rope which permitted the elevator to fall was caused by the carelessness and negligence of the plaintiff; and denies any act of negligence on the part of the plaintiff.

At the close of all the evidence the defendant moved to arrest the case from the jury, which motion the court granted, and the jury was instructed to return a verdict for the defendant, which was done; to which the plaintiff duly excepted. A motion for new trial was overruled, and judgment was entered accordingly.

Several grounds of error are stated in the petition in error, the first three of which relate wholly to the question of the instructed verdict, which is

the ground chiefly urged for reversal of the judgment.

It is admitted by the pleadings that the Workmen's Compensation Law was in force at the time of the happening of the injury; that the defendant company employed more than five men regularly in the same business and had not paid into the state insurance fund the premium provided for in that law. It therefore follows that defendant cannot avail itself of the defense of the "fellow servant" rule, the defense of "assumption of risk," or the defense of "contributory negligence," and the consideration of the questions involved must be had under this law.

The lift, or man-lift, was used in the defendant's place of business for the purpose of carrying only one man, the employe of the defendant company, from the lower to the upper floors of the warehouse. The lift was operated by a hand rope, with the help of the weight attached to the rope which ran over a pulley at the top of the elevator shaft.

Prior to the enactment of the Workmen's Compensation Law it must be conceded that the *res ipsa loquitur* doctrine as a rule did not apply as between master and servant, but, with the common-law defenses denied defendant, the employer and employe are placed in the position of strangers to each other, in so far as that rule is concerned. The question then is: In the light of the Workmen's Compensation Law does the *res ipsa loquitur* doctrine apply to the instant case?

The defendant relies mainly on the case of *The Julian & Kokenge Co.* v. *Wm. Panter,* decided by the Hamilton county court of appeals, reported in

the Cincinnati *Court Index* under date of January 14, 1914. In that case the question of error upon which reversal was had was the overruling by the lower court of a motion to make the petition more definite and certain by stating in what respect said staple which pulled out was insecurely and defectively fastened and in what respect the manner in which plaintiff was required to do said work was dangerous and unsafe. In determining that question the court followed the case of *Egan* v. *N. Y. C. & St. L. Ry.,* 5 C. C., N. S., 482, which decision was rendered long prior to the passage of the Workmen's Compensation Law and would not be controlling in a case where this law is applicable; and, while the reason in that case might well apply to the motion to make the petition more definite and certain, it would not obtain in applying the *scintilla* rule, applied with reference to Section 6243, General Code, and the Workmen's Compensation Law.

An examination of the authorities leads us to the conclusion that the doctrine of *res ipsa loquitur* may well be applied to the case at bar.

In the case of *Dahlen* v. *N. Y. Life Ins. Co.,* 109 Minn., 337, where the plaintiff was injured in defendant's elevator, of which defendant had control, the court say, at page 340:

"It follows that, if the accident did occur by reason of the elevator not working properly while the plaintiff was operating it, without any fault on his part, proof of such fact would be sufficient prima facie to establish the negligence of the defendant."

In *Green* v. *Banta,* 48 N .Y. Super. Ct., 156, affirmed 97 N. Y., 627, it was held that the fact that

the scaffold gave way was *prima facie* evidence of negligence.

In *Solarz* v. *Manhattan Ry. Co.*, 8 Misc. N. Y., 656, it was held that the unexplained breaking down of the scaffold made out a case sufficiently strong to go to the jury on the subject of negligence.

In the case of *Golden* v. *Mannex*, 214 Mass., 502, the second and third paragraphs of the syllabus are as follows:

"In an action for personal injuries caused by the breaking of a cable when it was bearing a load which, if it had been in proper condition, it would have borne under the circumstances without breaking, the mere fact that the cable broke is some evidence that it had become unsound.

"If, under the circumstances in evidence at the trial of an action for personal injuries caused by the breaking of a cable, the mere breaking of the cable is evidence that it had become unsound, the jury, although the plaintiff attempts to explain the cause of the breaking, may find such explanation to be unsatisfactory and still may find for the plaintiff by applying the doctrine of *res ipsa loquitur.*"

It is claimed by counsel for defendant in error that this last case cited should not apply, as it does not show that the hoist was operated by the plaintiff who was injured. This position is not tenable, as the defenses of assumed risk and contributory negligence are eliminated from the case at bar.

The evidence in this case discloses that the plaintiff in the discharge of his duty as an employe of the defendant was going up in the man-lift, when, about at the third floor, on account of some unex-

plained cause, the lift rope broke, causing the lift to fall with plaintiff, resulting in the injuries complained of. Under the authorities above cited we are of the opinion that the very fact that the rope broke as it did was some evidence that it had become unsound, and was sufficient to go to the jury. It follows that the trial court erred in arresting the evidence from the jury and instructing a verdict for the defendant.

We do not think the witness W. R. Todd qualified as an expert on elevators or man-lifts of the kind in question, as he testified he had never seen but one of this character. No doubt he was an expert on passenger elevators and electric elevators, but we do not think that he was sufficiently familiar with the kind in question to properly qualify as an expert, and the objection to his testimony was properly sustained.

*Judgment reversed, and cause remanded.*

JONES, P. J., and GORMAN, J., concur.