WASHBURN, J.
The record in this case discloses that Minnie Cleek, defendant in error, filed an application with the Industrial Commission on behalf of herself and three children for compensation for the death of her husband, which she claimed was *418 caused by an injury sustained by him in the course of his employment.
The commission disallowed her claim on the ground that the death of her husband was not caused by an injury sustained in the course of his employment.
Within the statutory time she filed her appeal in the court of common pleas, where a trial was had resulting in a verdict and judgment in her favor.
The Industrial Commission prosecutes error to this court.
There is evidence in the bill of exceptions tending to prove the facts as set forth in the brief of defendant in error, as follows:
Monroe Cleek, at the time of his death, was forty-two years of age. He had worked regularly at The Firestone Tire & Rubber Company for four or five years.. He entered the employ of The Philadelphia Rubber Company in July, 1917, and worked there until November 22, 1917. He was in good health, worked regularly every day, and during the five years preceding his death had been sick but once, three years before his death. He was a carpenter, engaged in building forms for the construction of concrete buildings, and his immediate work consisted of fitting and placing in position timbers 4x4, and 16 to 18 feet long, which were used to support the forms of the floor next above where he was working. In placing these timbers in position he was required to use a ladder, his work requiring him to ascend the ladder eight to twelve feet from the floor and there place and fasten the timbers with which he was working.
*419 On November 22, he left -home in the morning in good health, and during the early hours of the morning was engaged in the work above described. This was hard, heavy work.
No one saw the accident which caused his death.
Between nine and ten o’clock on the day he was hurt he was last seen sawing 4x4’s, preparatory to placing them in position.
Fifteen to thirty minutes later he was seen outside of the building where he worked, lying on the floor, apparently unconscious, unable to reply to the questions put to him, and apparently suffering great pain. He was then at a point fifteen to twenty feet from where he last had been seen.
He remained in the hospital a few hours and was sent home, arriving there about one o’clock; suffered great pain all that night, and complained of pain in his right side. His legs were bandaged from the knee down, presumably at the hospital. There was a lump or swelling on the right side of the lower abdomen. He went to the factory the next morning, but returned home at eleven o’clock, and was there found by his son, lying on the floor, with his feet resting on a chair, suffering great pain in his right side. A doctor was called who found him suffering from a strangulated hernia, which he was unable to reduce at the time, owing to the swelling and pain. The doctor administered morphine to relieve the pain and relax the muscles, hoping thereby to reduce the hernia.
Cleek continued in this condition for six days, was operated on the 28th day of November, and *420 died the following day, death resulting from the strangulated hernia.
Cleek had had an old hernia on the left side, for which he had worn a truss for many years, but had never been troubled by a hernia on the right side.
In the opinion of doctors who testified in the case the hernia which caused his death might have resulted from a fall or strain, brought about by the work he was performing. There was evidence tending to disprove some of these facts, but, as has been said, there was evidence to prove all of the foregoing.
The controlling issue of fact which was to be determined by the jury was whether the husband’s death was caused by an injury sustained by him in the course of his employment. In determining that issue it was the province of the jury not only to determine what facts were proven, but the reasonable inferences to be drawn from such facts. We cannot say, from a consideration of the facts and circumstances as disclosed by the record in this case, that there was no evidence that Minnie Cleek’s husband received an injury in the course of his employment, which caused his death, nor can we say that the jury were not justified in determining that the inferences to be drawn from the facts warranted such a conclusion; in other words, the judgment is not manifestly against the weight of the evidence. Jones v. The Ferger Grain Co., 8 Ohio App., 374; Peoria Cordage Co. v. Industrial Board of Illinois, 284 Ill., 90, 119 N. E. Rep., 996; also note in L. R. A. 1916A, page 303.
*421 It is claimed, however, that because Minnie Cleek claimed in her application to the Industrial Commission that her husband received his injury by falling from a ladder, and later set forth in her petition in the common pleas court that her husband sustained the injuries which caused his death as the result of a fall from a ladder used by him in the course of his employment, and failed to introduce any evidence of anyone who saw him fall from the ladder, the court committed an error, when, at the close of the plaintiff’s case, she was permitted, over the objection and exception of the Industrial Commission, to interline her petition and allege that her husband received certain injuries as a result also “of being struck by a 4x4 timber with which he was at the time working, and as the result of a strain received by him as the result of said fall and other injury.”
It is the claim of the Industrial Commission that it has not had opportunity to pass upon the question of whether or not the husband sustained an injury in the manner indicated in such amendment, but had before it only the question of whether or not he sustained an injury by falling from a ladder, and that the appeal provided for by statute, and which was taken in this case, authorized the court to inquire only into the claim made by Minnie Cleek in her application that her husband was injured by falling from a ladder. We cannot agree with this contention.
The real question before the Industrial Commission was not the manner of the injury, but whether or not the husband received any injury which *422 caused his death in the course of his employment. If the Industrial Commission had been satisfied that the husband received an injury in the course of his employment, which caused his death, it would have been the duty of the commission to award compensation even though that injury had not been caused by falling from the ladder. The Industrial Commission is not a court and is not justified, under the law, in applying technical rules of pleading. It is expressly provided by statute (Section 1465-91, General Code) that the commission “shall not be bound by the usual common law or statutory rules of evidence or by any technical or formal rules of procedure.”
The injury and its result being the important question, Minnie Cleek had the right, upon appeal, to prove that the injury was caused in a manner different than that alleged in her application before the Industrial Commission. The only difference, if there was any difference, between the case passed upon by the Industrial Commission and the case passed upon by the jury was as to whether the husband received his injury by falling from a ladder, or by being struck by a 4x4, or by a strain, and that difference is not sufficient to enable us to say that the claim made in court was an entirely different claim from that made before the Industrial Commission.
But it is said that insomuch as Mrs. Cleek alleged in her petition that the injury was caused by a fall from a ladder it was an abuse of the discretion of the court to permit such amendment of the petition after the evidence of the plaintiff had been completed, and especially in refusing the mo *423 tion of the Industrial Commission for the withdrawal of a juror and a continuance of the case until the new phase of the case could be investigated. As to this the record discloses that whatever evidence there was as to the husband being struck by a 4x4 was fully known to the Industrial Commission at the time the claim was before the commission, and it further appears that the absent witness, who could testify in reference to that transaction, had made an affidavit setting forth his knowledge in reference thereto, which had been in possession of the Industrial Commission for a long time, and moreover offer was made to permit that affidavit to be introduced as the evidence of such witness, or to permit the Industrial Commission to state before the jury what the absent witness would testify to, which could be taken as his testimony. These offers were declined by the Industrial Commission, and we cannot say that the trial judge, under such circumstances, abused his disT cretion in refusing the motion for a continuance and in requiring the case to proceed to trial.
These are all the errors pointed out in the brief of plaintiff in error or mentioned in the argument of the case.
The brief does state that the errors complained of are set forth in the petition in error and that there are “sixteen grounds upon which error is being prosecuted and we seriously contend that every one of them should be well taken.”
The errors mentioned in the petition in error are for the most part stated in very general terms, such as “irregularity in the proceedings of the Court;” *424 “abuse of discretion on the part of the Court which prevented the defendant from having a fair trial,” etc.
While under such circumstances we are not compelled to search for errors, we have read the record with all of these complaints in mind and find no prejudicial error.
The judgment is, therefore, affirmed.

Judgment affirmed.-

Dunlap, P. J., and Vickery, J., concur.