[Cite as *State ex rel. Smith v. Lewis*, 2012-Ohio-4257.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| STATE EX REL., | : | Hon. W. Scott Gwin, P.J. |
| OREN KEITH SMITH | : | Hon. William B. Hoffman, J. |
|  | : | Hon. Sheila G. Farmer, J. |
| Relator | : |  |
|  | : |  |
| -vs- | : | Case No. 2012-CA-9 |
|  | : |  |
| HONORABLE JUDGE LINDON (SIC) | : |  |
| D. LEWIS | : | O P I N I O N |
|  |  |  |
| Respondent |  |  |

CHARACTER OF PROCEEDING:        Petition for Writs of Prohibition and
                                Mandamus

JUDGMENT:                       Dismissed

DATE OF JUDGMENT ENTRY:         September 14, 2012

APPEARANCES:

For Relator                     For Respondent

OREN KEITH SMITH, PRO SE        JOSEPH A. FLAUTT
#A254706.00                     Prosecuting Attorney
Pickaway Correctional Inst.
11781 St. Rt. 762
P.O. Box 209
Orient, OH 43146

*Gwin, P.J.*

**{¶1}** Relator, Oren Smith, has filed a Petition for writ of prohibition. It appears Relator is arguing that a writ of prohibition should issue because the trial court's actions were void. Respondent has filed a motion to dismiss for failure to state a claim upon which relief may be granted.

**{¶2}** "If a lower court patently and unambiguously lacks jurisdiction to proceed in a cause, prohibition * * * will issue to prevent any future unauthorized exercise of jurisdiction and to correct the results of prior jurisdictionally unauthorized actions." *State ex rel. Mayer v. Henson,* 97 Ohio St.3d 276, 2002-Ohio-6323, 779 N.E.2d 223, ¶ 12.

**{¶3}** Relator suggests the acts of convicting and sentencing him were void because the trial court failed to comply with Crim. R. 3, 5, 7, 10. Relator fails to include even one fact in his petition to support his contention that the trial court failed to comply with these rules. He merely makes a conclusory statement.

**{¶4}** Further, Relator argues the alleged failure of the trial court to comply with these rules resulted in the trial court's lack of subject matter jurisdiction over the underlying case. Relator was charged by a bill of information with one Count of Rape and three counts of Gross Sexual Imposition.

**{¶5}** We find the trial court did have subject matter jurisdiction pursuant to R.C. 2931.03 which provides, "The court of common pleas has original jurisdiction of all crimes and offenses, except in cases of minor offenses the exclusive jurisdiction of which is vested in courts inferior to the court of common pleas."

**{¶6}** Because the trial court did have subject matter jurisdiction over the Relator's criminal case and because the trial court did not patently and unambiguously lack jurisdiction, a writ of prohibition will not lie.

**{¶7}** As to the mandamus claim, the petition fails to state any facts or allegations in support of the issuance of the writ of mandamus.

**{¶8}** Respondent's Motion to Dismiss is granted, and the Petition is dismissed for failure to state a claim upon which relief may be granted.

By Gwin, P.J.,

Hoffman, J., and

Farmer, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN

_____
HON. SHEILA G. FARMER

WSG:clw 0904

[Cite as *State ex rel. Smith v. Lewis*, 2012-Ohio-4257.]

IN THE COURT OF APPEALS FOR PERRY COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE EX REL.,<br>OREN KEITH SMITH | : | |
| | : | |
| Relator | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| HONORABLE JUDGE LINDON | : | |
| (SIC) D. LEWIS | : | |
| | : | |
| | : | |
| Respondents | : | CASE NO. 2012-CA-9 |

For the reasons stated in our accompanying Memorandum-Opinion, the Petition is dismissed for failure to state a claim upon which relief may be granted. Costs to Relator.

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN

_____
HON. SHEILA G. FARMER