[Cite as *State v. Elder*, 2014-Ohio-2567.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2013-L-128** |
| EMMANUEL ELDER, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 13 CR 000415.

Judgment: Affirmed.

*Charles E. Coulson,* Lake County Prosecutor, and *Karen A. Sheppert,* Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Emmanuel Elder,* pro se, PID# A644514, Richland Correctional Institution, 1001 Oliversburg Road, P.O. Box 8107, Mansfield, OH 44901 (Defendant-Appellant).

DIANE V. GRENDELL, J.

{¶1}   Defendant-appellant, Emmanuel Elder, appeals from the Judgment Entry of the Lake County Court of Common Pleas, denying his Motion for New Trial. The issues to be determined by this court are whether a trial court lacks jurisdiction to hear a case when the defendant is properly indicted, following the issuance of a traffic ticket and a complaint for a felony charge; whether a trial court can enter a not guilty plea on a defendant's behalf when he refuses to do so; whether documentary evidence proving

the location of the crime is necessary; and whether a clerical error constitutes an abuse of discretion in denying a request for a new trial. For the following reasons, we affirm the decision of the trial court.

{¶2} On March 8, 2013, a Complaint was filed against Elder in the Willoughby Municipal Court, asserting that he violated R.C. 2921.331, for willfully eluding or fleeing a police officer, a felony of the third degree. The Complaint arose from a stop of Elder's vehicle for various traffic violations on March 7, 2013.

{¶3} On June 4, 2013, a written plea of "not guilty," signed by Elder, was entered in the Willoughby Municipal Court.

{¶4} On June 12, 2013, the municipal court issued a Judgment Entry, noting that a preliminary hearing was conducted and there was probable cause to believe a felony offense was committed by Elder, and he was bound over to the Lake County Grand Jury.

{¶5} On July 19, 2013, the Lake County Grand Jury issued an Indictment, charging Elder with the following: Failure to Comply with Order or Signal of Police Officer (Count One), a felony of the third degree, in violation of R.C. 2921.331(B); a Headlight Violation (Count Two), a minor misdemeanor, in violation of R.C. 4513.14; a No Tail Light or Rear License Plate Light Violation (Count Three), a minor misdemeanor, in violation of R.C. 4513.05; Failure to Register (Count Four), a misdemeanor of the fourth degree, in violation of R.C. 4503.11; and Obstructing Official Business (Count Five), a misdemeanor of the second degree, in violation of R.C. 2921.31.

{¶6} On July 22, 2013, the trial court issued an Arraignment Judgment Entry, noting that Elder entered no plea, and that the court "hereby enters a plea of 'Not Guilty.'"

{¶7} Prior to trial, Elder filed various motions, including multiple motions to dismiss the charges, which were denied.

{¶8} A jury trial was held on September 17-18, 2013. Pursuant to the testimony presented, Elder was driving his vehicle on March 7, 2013, in Willoughby Hills, when Patrolman Erik Kupchik observed that his vehicle had only one functioning headlight and that the license plate was not properly illuminated. Upon calling the vehicle into dispatch, Patrolman Kupchik also learned that its registration was expired and that Elder had an active warrant from the Ashtabula Police Department. A stop was initiated and, during the course of the stop, Elder drove away and "fled." Patrolman Kupchik pursued Elder in a chase that began in Willoughby Hills and continued into several cities in Cuyahoga County, reaching speeds of up to 90 miles an hour.

{¶9} Following the jury trial, Elder was found guilty on Counts One, Four, and Five. The court found Elder guilty on the remaining two counts, which were minor misdemeanors. On September 24, 2013, the trial court issued a Judgment Entry memorializing the verdict.

{¶10} On the same date, a Judgment Entry of Sentence was filed, ordering that Elder serve a term of 30 months for Failure to Comply and 30 days for Obstructing Official Business, to be served concurrently. Elder was also ordered to pay fines on the remaining counts, totaling $100.

{¶11} On October 1, 2013, Elder filed a Motion for New Trial. In this Motion, he raised various issues including several alleged jurisdictional defects. On December 5, 2013, the trial court issued an Opinion and Judgment Entry, denying Elder's Motion for New Trial. The trial court addressed each of the issues raised by Elder, ultimately finding no merit in any of the issues and holding that it had jurisdiction.

{¶12} Elder timely appeals and raises the following assignment of error:

{¶13} "[The] trial court abused [its] discretion for failing to find it lacked personal jurisdiction and subject matter jurisdiction due to failing to apply the controlling laws of Ohio Traffic Rule 3(A)(C)(E) [sic], Crim.R. 1(C)(3), Crim.R. 5(B)(7) and O.R.C. 2938.10 to the material facts of the case."[1]

{¶14} This appeal arises from the trial court's denial of Elder's Motion for New Trial. "The allowance or denial of a motion for a new trial is within the sound discretion of the trial court and will not be disturbed save an abuse of discretion." *State v. Elersic*, 11th Dist. Lake No. 2007-L-104, 2008-Ohio-2121, ¶ 10, citing *State v. Hill,* 64 Ohio St.3d 313, 333, 595 N.E.2d 884 (1992). "[T]he discretionary decision to grant a motion for a new trial is an extraordinary measure which should be used only when the evidence presented weighs heavily in favor of the moving party." (Citations omitted.) *State v. Hake*, 11th Dist. Trumbull No. 2007-T-0091, 2008-Ohio-1332, ¶ 30.

{¶15} "A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights: * * * [i]rregularity in the proceedings, or in any order or ruling of the court, or abuse of discretion by the court,

---

1. The text of Elder's assignment of error is stated differently within his brief. Regardless, we will address all arguments raised by Elder within this assignment of error, which he has designated letters A to N.

4

because of which the defendant was prevented from having a fair trial; [and] * * * [e]rror of law occurring at the trial." Crim.R. 33(A)(1) and (5).

{¶16} Elder raises multiple issues under his sole assignment of error, arguing that the trial court abused its discretion in rejecting each of these arguments. First, issues A, J, and K relate to whether the municipal court properly followed Crim.R. 5(B)(7) in transmitting the complaint and the ticket to the court of common pleas when the matter was bound over. *See* Crim.R. 5(B)(7) ("[u]pon the conclusion of the [preliminary] hearing and finding, the court or the clerk of such court, shall, within seven days, * * * transmit a transcript of the appearance docket entries, together with a copy of the original complaint and affidavits, if any, filed with the complaint, * * * to the clerk of the court in which defendant is to appear"). Elder also notes that "the Ohio Uniform Traffic citation is not controlled by statutes which apply to indictments."

{¶17} As an initial matter, the record in the court of common pleas includes the complaint for Failure to Comply with Order or Signal of Police Officer filed originally in the Willoughby Municipal Court. The misdemeanor traffic matters were filed in a separate case, 13TRD04272. Thus, as to the criminal matter initiated when Elder was bound over, the court did transmit the record appropriately.

{¶18} Importantly, regarding Elder's assertion that no proper ticket or complaint for the traffic offenses was filed within the court of common pleas, we emphasize that he was indicted by the Lake County Grand Jury for the traffic offenses, as well as the additional offenses. Although he was initially given tickets for the traffic offenses, which is evident from the fact that Elder himself attached these tickets to documents filed, as the trial court emphasized, he was bound over on the felony charge and the indictment

5

then provided the court with the proper jurisdiction on all of the charges. Even if the tickets were not properly filed or did not contain all of the information Elder believes was necessary, the fact that he was indicted would remedy that issue. When the ultimate conviction is not based on an allegedly defective complaint in the municipal court but the criminal proceedings were "predicated upon an indictment," such defects were harmless and have no effect on the trial court's jurisdiction. *State v. Porterfield*, 11th Dist. Trumbull No. 2012-T-0039, 2013-Ohio-14, ¶ 11; *State v. Jenkins*, 4th Dist. Lawrence No. 02CA5, 2003-Ohio-1058, ¶ 23 (a subsequent indictment, which included a traffic offense, rendered the jurisdictional issue in the municipal court a nullity, since "grand juries can indict originally, without a complaint in an inferior court").

**{¶19}** In issue B, Elder appears to argue that all of the counts against him should have been documented on a traffic ticket, pursuant to the Ohio Traffic Rules. *See* Traf.R. 3 (A) ("[i]n traffic cases, the complaint and summons shall be the 'Ohio Uniform Traffic Ticket' as set out in the Appendix of Forms") and (C) and (E)(1) (the "Ohio Uniform Traffic Ticket shall be used in all moving traffic cases" and an officer shall "file the court copy with the court"). As was held by the trial court, Count One, for Failure to Comply, is a felony, which is not included in the traffic section of the Ohio Revised Code. Pursuant to Traf.R. 2(A), a traffic case includes any proceeding "other than a proceeding resulting from a felony indictment." Regarding the minor traffic offenses, as noted above, Elder did receive a ticket, since he attached it to certain motions he filed, and he was also separately indicted for these charges.

**{¶20}** It follows, then, that issues C and D, which relate to the court's lack of jurisdiction based on the foregoing issues, have no merit. Since the charges were

6

properly before the court and the jury, the court of common pleas had jurisdiction in this matter and did not abuse its discretion in rejecting Elder's contention to the contrary.

{¶21} In issue E, Elder argues that his convictions were obtained without the trial court, the grand jury, and himself being apprised of the time, date, location, and statutory section numbers of the offenses. It is clear, however, that the grand jury was apprised of the necessary information, given that it was able to state in the Indictment the date and county of the offenses, as well as the statutes that were violated, based on the evidence that was presented to support the Indictment. The Indictment, as well as the subsequent bill of particulars, apprised Elder of the necessary information to be fully aware of the charges against him. This actually goes beyond the requirement of the traffic rules that a complaint/ticket "simply needs to advise the defendant of the offense with which he is charged, in a manner that can be readily understood by a person making a reasonable attempt to understand." *Barberton v. O'Connor*, 17 Ohio St.3d 218, 221, 478 N.E.2d 803 (1985).

{¶22} Similarly, in issue G, Elder argues that no documentation was offered to prove that the offenses for which he was convicted were committed within the jurisdiction of the trial court. As the trial court noted in denying the Motion for New Trial, Elder cites to no law that required the State to present documentation rather than testimony as to this fact. Patrolman Kupchik testified that the crimes that precipitated his stop of the vehicle, as well as the beginning of the pursuit of Elder's fleeing vehicle, occurred in Willoughby Hills, within Lake County. Both the Complaint and ticket submitted into the record by Elder himself also show that the incident leading to the charges happened within Lake County.

7

{¶23} In issue F, Elder argues that the trial court mistakenly claimed in its December 5, 2013 Judgment Entry that his preliminary hearing was conducted on June 6, 2013, when the actual date of Elder's preliminary hearing was June 12, 2013. Elder can cite to no authority for the proposition that this misstatement of a date had any impact on his conviction, provided any reason for a new trial, or caused prejudice to him in any manner, as is required under Crim.R. 33(E)(5). This is especially true, given that the misstatement occurred in the ruling on his Motion for New Trial.

{¶24} In issue H, Elder asserts that "no affidavit pursuant to Crim.R. 4 was filed in support of the reporting officer's claim of Ashtabula City Limit Warrant." Elder appears to be arguing that the State was required to prove, in the initial complaint or at trial, through an affidavit, that there was a warrant in Ashtabula against him. Patrolman Kupchik testified that, upon contacting dispatch prior to conducting a stop, he learned Elder had a warrant in Ashtabula. Elder fails to show how additional evidence regarding a prior warrant was necessary or why an affidavit under Crim.R. 4 was required in relation to the prior warrant. As the trial court held, he also did not show how this had any relevance to the charges for which he was convicted. To the extent that it may be relevant to whether the stop was proper, Elder does not provide argumentation on this issue and there is no question that Patrolman Kupchik had multiple reasons to conduct the stop, including several traffic violations.

{¶25} In issue I, Elder asserts that "the record reflects that the appellant filed several motions to dismiss counts 1, 2, 3, and 4." No argument or error for consideration by this court is presented.

{¶26} In issue L, Elder argues that, since he did not submit a plea at the July 22, 2013 arraignment in the court of common pleas, the trial court lacks all jurisdiction and should vacate his convictions. As stated in that Judgment Entry, since Elder entered no plea, the court entered a "not guilty" plea on his behalf. It cannot be an error for the trial court to enter such a plea, given that Crim.R. 11(A) specifically provides that, "[i]f a defendant refuses to plead, the court shall enter a plea of not guilty on behalf of the defendant."

{¶27} In issue M, Elder asserts that structural error occurred, and the trial court did not have the ability to "function as a reliable vehicle for the determination of guilt or innocence." Structural errors are constitutional defects that "'defy analysis by "harmless error" standards' because they 'affect[] the framework within which the trial proceeds, rather than simply [being] an error in the trial process itself.'" *State v. Fisher*, 99 Ohio St.3d 127, 2003-Ohio-2761, 789 N.E.2d 222, ¶ 9, quoting *Arizona v. Fulminante*, 499 U.S. 279, 309-310, 111 S.Ct.1246, 113 L.Ed.2d 302 (1991). Such errors permeate "the entire conduct of the trial from beginning to end," which prevents the trial court from serving "its function as a vehicle for determination of guilt or innocence." (Citation omitted.) *State v. Perry*, 101 Ohio St.3d 118, 2004-Ohio-297, 802 N.E.2d 643, ¶ 17.

{¶28} Here, Elder fails to explain what would warrant a finding that a constitutional defect existed. He presents no specific argumentation in support of the claim that a structural error occurred. "An assignment of error must be sufficiently specific that the court of appeals is not required to guess as to the error challenged." *State v. Dudas*, 11th Dist. Lake Nos. 2008-L-109 and 2008-L-110, 2009-Ohio-1001, ¶

42. In the absence of any arguments in support of this claim, we cannot find it to have merit.

{¶29} Finally, regarding issue N, Elder asserts that his convictions were the result of an unreasonable search and seizure, and that his right to a full, fair trial was violated. He presents no further cognizable argument as to why these rights were violated or how he is entitled to a new trial under this issue and, thus, it lacks merit. *See Id.*

{¶30} Based on the foregoing, we cannot find that the trial court abused its discretion in denying Elder's Motion for New Trial.

{¶31} Elder's sole assignment of error is without merit.

{¶32} For the foregoing reasons, the Judgment Entry of the Lake County Court of Common Pleas, denying Elder's Motion for New Trial, is affirmed. Costs to be taxed against appellant.

THOMAS R. WRIGHT, J.,

COLLEEN MARY O'TOOLE, J.,

concur.