[Cite as *State ex rel. Elder v. Matia*, 2014-Ohio-3598.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 101195**

## STATE EX REL. EMMANUEL ELDER

RELATOR

vs.

## JUDGE DAVID T. MATIA

RESPONDENT

**JUDGMENT:**
WRIT DISMISSED

Writ of Prohibition
Motion No. 475284
Order No. 477267

**RELEASED DATE:** August 19, 2014

-i-

**FOR RELATOR**

Emmanule Elder, pro se
Inmate No. A644-514, RI.C.I.
Mansfield Correctional Institution
P.O. Box 8107
Mansfield, Ohio 44901


**ATTORNEYS FOR RESPONDENT**

Timothy McGinty
Cuyahoga County Prosecutor

By: James E. Moss
Assistant County Prosecutor
9th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

{¶1} On April 1, 2014, the relator, Emmanuel Elder, commenced this prohibition action against the respondent, Judge David T. Matia, to prevent the judge from trying him in the underlying case, *State v. Elder,* Cuyahoga C.P. No. CR-13-573101-A. Elder argues that the trial court lacks jurisdiction because the necessary traffic ticket was not issued and because the trial judge ignored his notice of availability. The respondent, through the Cuyahoga County prosecutor, moved to dismiss on May 29, 2014. Elder never filed a response. For the following reasons, this court grants the motion to dismiss.

{¶2} The principles governing prohibition are well established. Its requisites are (1) the respondent against whom it is sought is about to exercise judicial power, (2) the exercise of such power is unauthorized by law, and (3) there is no adequate remedy at law. *State ex rel. Largent v. Fisher*, 43 Ohio St.3d 160, 540 N.E.2d 239 (1989). Prohibition will not lie unless it clearly appears that the court has no jurisdiction of the cause that it is attempting to adjudicate or the court is about to exceed its jurisdiction. *State ex rel. Ellis v. McCabe*, 138 Ohio St. 417, 35 N.E.2d 571 (1941), paragraph three of the syllabus. "The writ will not issue to prevent an erroneous judgment, or to serve the purpose of appeal, or to correct mistakes of the lower court in deciding questions within its jurisdiction." *State ex rel. Sparto v. Juvenile Court of Darke Cty.,* 153 Ohio St. 64, 65, 90 N.E.2d 598 (1950). Furthermore, it should be used with great caution and not issue in a doubtful case. *State ex rel. Merion v. Tuscarawas Cty. Court of Common Pleas*, 137

Ohio St. 273, 28 N.E.2d 641 (1940). Nevertheless, when a court is patently and unambiguously without jurisdiction to act whatsoever, the availability or adequacy of a remedy is immaterial to the issuance of a writ of prohibition. *State ex rel. Tilford v. Crush*, 39 Ohio St.3d 174, 529 N.E.2d 1245 (1988); and *State ex rel. Csank v. Jaffe*, 107 Ohio App.3d 387, 668 N.E.2d 996 (8th Dist.1995). However, absent such a patent and unambiguous lack of jurisdiction, a court having general jurisdiction of the subject matter of an action has authority to determine its own jurisdiction. A party challenging the court's jurisdiction has an adequate remedy at law via an appeal from the court's holding that it has jurisdiction. *State ex rel. Rootstown Local School Dist. Bd. of Edn. v. Portage Cty. Court of Common Pleas*, 78 Ohio St.3d 489, 678 N.E.2d 1365 (1997). Moreover, the court has discretion in issuing the writ of prohibition. *State ex rel. Gilligan v. Hoddinott*, 36 Ohio St.2d 127, 304 N.E.2d 382 (1973).

{¶3} In the underlying case, the grand jury indicted Elder for one count of failure to comply with order or signal of a police officer under R.C. 2921.331. According to the police report Elder attached to his complaint, the officers made a traffic stop on Lakeside Avenue because Elder's van was impeding traffic and the officers observed a hand-to-hand transaction between two males. When the officers approached the van, the van fled, forcing the officers to return to their car and give chase. Eventually, the officers terminated the chase but were able to identify Elder as the van's driver when they pulled up the van's license plate.

{¶4} Elder's first argument is that because this case is a traffic case, the Ohio

Traffic Rules necessarily govern. The officers never issued a requisite traffic ticket to vest any court with jurisdiction over the underlying case. In *State v. Elder*, 11th Dist. Lake No. 2013-L-128, 2014-Ohio-2567, the court of appeals rejected this argument. In that case, the grand jury indicted Elder for failure to comply with order or signal of a police officer and other traffic offenses. The court ruled that the indictment provided the court with the proper jurisdiction on all the charges. "Even if the tickets were not properly filed or did not contain all of the information Elder believes was necessary, the fact that he was indicted would remedy that issue." *Id.* at ¶ 18. The Eleventh District concluded by noting that grand juries may indict originally without a complaint in another court. Therefore, the indictment vested the respondent with jurisdiction pursuant to R.C. 2931.03, and the first claim is meritless.

{¶5} Elder's second argument is that in June and October 2013, he filed a notice of availability and request for trial on the pending charges pursuant to R.C. 2941.401.[1] He continues that because he has not been brought to trial in a timely manner pursuant to that statute, the trial court has lost jurisdiction to adjudicate his case. However, in *State ex rel. Bowling v. Court of Common Pleas of Hamilton Cty.,* 24 Ohio St.2d 158, 265 N.E.2d 296 (1970), the Supreme Court of Ohio refused to grant an extraordinary writ to enforce R.C. 2941.401 because filing a motion to dismiss in the trial court was the proper and adequate remedy at law. If necessary, a defendant would have further remedy by

---

[1] The Ohio Department of Rehabilitation and Correction's website shows that Elder is serving a 30-month sentence for failure to comply with order or signal of a police officer.

way of appeal. *Henderson v. Lebarron*, 8th Dist. Cuyahoga No. 84030, 2004-Ohio-1002. Because an adequate remedy at law exists, prohibition will not lie.

{¶6} Similarly, Elder's other complaints concerning the lack of probable cause, improper identification, lack of evidence, police and prosecutorial misconduct, improper waiver of a preliminary hearing, and ineffective assistance of trial counsel do not deprive a trial court of jurisdiction. Such matters are within the trial court's jurisdiction, and if necessary, any error may be remedied on appeal. *State ex rel. Nalls v. Russo*, 90 Ohio St.3d 410, 2002-Ohio-4907, 775 N.E.2d 522; and *State v. Thorne*, 8th Dist. Cuyahoga No. 85024, 2004-Ohio-6288.

{¶7} Relator also did not comply with R.C. 2969.25(C), which requires that an inmate file a certified statement from his prison cashier setting forth the balance in his private account for each of the preceding six months. This also is sufficient reason to deny the mandamus, deny indigency status and assess costs against the relator. *State ex rel. Pamer v. Collier*, 108 Ohio St.3d 492, 2006-Ohio-1507, 844 N.E.2d 842; and *Hazel v. Knab*, 130 Ohio St.3d 22, 2011-Ohio-4608, 955 N.E.2d 378.

{¶8} Accordingly, this court grants the respondent's motion to dismiss and dismisses Elder's complaint for a writ of prohibition. Relator to pay costs. This court directs the clerk of court to serve all parties notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

_____
PATRICIA ANN BLACKMON, JUDGE

SEAN C. GALLAGHER, P.J., and
EILEEN A. GALLAGHER, J., CONCUR