[Cite as *State ex rel. Elder v. Camplese*, 2014-Ohio-4546.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO ex rel. EMMANUEL ELDER, | : | **PER CURIAM OPINION** |
| | : | |
| Relator, | : | **CASE NO. 2014-A-0039** |
| | : | |
| - vs - | : | |
| | : | |
| HON. JUDGE ALBERT CAMPLESE, ASHTABULA MUNICIPAL COURT, | : | |
| | : | |
| Respondent. | : | |

Original Action for Writ of Prohibition.

Judgment: Petition dismissed.

*Emmanuel Elder*, pro se, PID# A644-514, Richland Correctional Institution, P.O. Box 8107, 1001 Olivesburg Road, Mansfield, OH 44905 (Relator).

*Nicholas A. Iarocci*, Ashtabula County Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047 (For Respondent).

PER CURIAM

{¶1} Before this court is relator, Emmanuel Elder's, Petition for a Writ of Prohibition. Respondent, Judge Albert Camplese, has filed a Motion to Dismiss, pursuant to Ohio Civ.R. 12(B)(6), claiming that Elder has failed to meet the elements for granting a writ of prohibition. For the following reasons, Elder's Petition is dismissed.

{¶2} On June 24, 2014, Elder filed his Petition for a Writ of Prohibition. In his Petition, he requests, among other things, that this court vacate the judgment entry

sentencing him in a criminal case in the Ashtabula Municipal Court, Case No. 12CRB01970, in which he pled guilty to, and was convicted of, one count of Aggravated Menacing. He argues that Judge Camplese should be prohibited from exercising authority over him, by enforcing the sentence and fine, since the court did not have jurisdiction to issue a judgment in this case.

{¶3} Elder asserts that the complaint instituting the charge was neither provided to him nor contained all of the necessary information, including the time, date, and specific location of the offenses. Elder alleges several other defects in his prosecution, including issues relating to the preliminary hearing, the requirement that he undergo a psychiatric evaluation for competency, the issuance of a continuance without a judgment entry, and the trial court's acceptance of his involuntary guilty plea.

{¶4} Elder further argues that his eviction in Ashtabula Municipal Court Case No. 12CVG01088 was improper, since he was unable to appear at the hearing due to being detained in the Ashtabula County Jail.

{¶5} Judge Camplese filed a Motion to Dismiss the Petition on July 14, 2014, asserting that Elder fails to raise any claims that are of the type that can be granted under a writ of prohibition. He also notes that Elder had an adequate remedy at law through an appeal of the underlying criminal case.

{¶6} Elder filed a Relator's Motion to Dismiss Respondent's Motion to Dismiss on August 1, 2014.[1] In it, he again argued that the trial court did not have the authority to exercise power over him and that his rights were violated.

---

1. Although Elder characterizes this as a Motion to Dismiss, it is actually a response to Judge Camplese's Motion to Dismiss.

**{¶7}** As an initial matter, Judge Camplese argues that Elder's claim should be dismissed due to his failure to comply with R.C. 2731.04, which relates to mandamus claims, requiring an application for a writ to be made in the name of the State on relation of Elder. In this case, Elder captioned the case "State of Ohio ex rel. Emmanuel Elder v. Judge Camplese." Thus, the argument that it was not brought in the name of the State is incorrect.

**{¶8}** "The conditions which must exist to support the issuance of a writ of prohibition are: (1) The court or officer against whom it is sought must be about to exercise judicial or quasi-judicial power; (2) the exercise of such power must be unauthorized by law; and (3) it must appear that the refusal of the writ would result in injury for which there is no other adequate remedy in the ordinary course of the law." *State ex rel. McKee v. Cooper*, 40 Ohio St.2d 65, 320 N.E.2d 286 (1974), paragraph one of the syllabus. "[T]he function of a writ of prohibition is very limited; i.e., the sole purpose of such a writ is to stop an inferior court or judicial officer from engaging in any action which exceeds the general scope of its jurisdiction." *State ex rel. Feathers v. Gansheimer*, 11th Dist. Ashtabula No. 2006-A-0038, 2007-Ohio-2858, ¶ 2. Prohibition generally "will not issue if the party seeking extraordinary relief has an adequate remedy in the ordinary course of law." *State ex rel. Hemsley v. Unruh*, 128 Ohio St.3d 307, 2011-Ohio-226, 943 N.E.2d 1014, ¶ 9.

**{¶9}** Dismissal of an original action is "appropriate if after presuming the truth of all material factual allegations of [relators'] petition and making all reasonable inferences in their favor, it appear[s] beyond doubt that they could prove no set of facts entitling

3

them to the requested extraordinary relief." *State ex rel. Scott v. Cleveland*, 112 Ohio St.3d 324, 2006-Ohio-6573, 859 N.E.2d 923, ¶ 14.

**{¶10}** Judge Camplese argues that, even when accepting Elder's allegations as true, he does not satisfy the foregoing elements, since he has an adequate remedy at law through the appeal of the underlying criminal case.

**{¶11}** "Where there is a total want of jurisdiction on the part of a court, a writ of prohibition will be allowed to arrest the continuing effect of an order previously issued by such court." *State ex rel. Adams v. Gusweiler*, 30 Ohio St.2d 326, 285 N.E.2d 22 (1972), paragraph two of the syllabus; *State ex rel. LTV Steel Co. v. Gwin*, 64 Ohio St.3d 245, 248, 594 N.E.2d 616 (1992) (where relator asserted that the respondents "were completely without jurisdiction to act," the Ohio Supreme Court proceeded to review the jurisdictional issues, even though respondents had already exercised the jurisdiction being challenged). When there is a patent lack of jurisdiction for the lower court to act, the remedy of appeal is "immaterial," i.e., the relator can maintain an action in prohibition regardless of his alternative remedy of appeal. *State ex rel. Willacy v. Smith*, 78 Ohio St.3d 47, 51, 676 N.E.2d 109 (1997). Thus, we must consider whether the lower court patently and unambiguously lacked jurisdiction in this case, given that Elder raises challenges related to its jurisdiction.

**{¶12}** Elder's claim that the trial court lacked jurisdiction is based on his contention that the complaint did not contain all necessary information required under Crim.R. 3, including the time and specific location of the criminal offense. He does not contend that no complaint was filed to invoke the jurisdiction of the court. He cites to no

4

case law to support a conclusion that certain defects in a complaint result in the trial court patently and unambiguously lacking jurisdiction.

{¶13} We recognize that a defective complaint can result in reversal of the case or a finding that the court lacked jurisdiction under certain circumstances, such as when the complaint is not signed. *See State v. Green*, 48 Ohio App.3d 121, 121-122, 548 N.E.2d 334 (11th Dist.1988). However, such reversals are generally on appeal and do not include a finding that the court patently and unambiguously lacked jurisdiction.

{¶14} It has been held that there is not a patent lack of jurisdiction when, under R.C. 2901.11 and 2931.03, the statutes vesting authority to courts to hear criminal cases, the court has been granted jurisdiction. *State ex rel. Smith v. Lewis*, 5th Dist. Perry No. 2012-CA-9, 2012-Ohio-4257, ¶ 5; *State ex rel. Pruitt v. Donnelly*, 8th Dist. Cuyahoga No. 95518, 2011-Ohio-1252, ¶ 13 ("[p]rohibition will not lie, if the court has basic statutory jurisdiction and an appeal in the ordinary course of law is available"). *See* R.C. 2901.11(A)(1) ("[a] person is subject to criminal prosecution and punishment in this state if * * * [t]he person commits an offense under the laws of this state") and R.C. 1901.20(A)(1) ("[t]he municipal court has jurisdiction * * * of the violation of any misdemeanor committed within the limits of its territory").

{¶15} Under similar circumstances, in a case involving a claim that a complaint was defective because it did not include the state or city in which it was issued, the Eighth District held that there was no patent lack of jurisdiction and the court had "general jurisdiction of the subject matter." *State ex rel. Novak v. Carroll*, 8th Dist. Cuyahoga No. 75098, 1999 Ohio App. LEXIS 4089, 8-9 (Sept. 2, 1999). It noted that, to the extent that there may be some question as to jurisdiction, the relator had the

5

opportunity to have that addressed through the normal appellate process, where the court would have the benefit of the entire record. *Id.*

{¶16} Here, since there is no dispute that a criminal act was at issue and the complaint was filed, and the only question is whether the complaint properly advised Elder of certain facts, lacking authority to the contrary, the issue of jurisdiction could properly be determined on appeal. "In the absence of a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party contesting that jurisdiction has an adequate remedy by appeal." *State ex rel. Plant v. Cosgrove*, 119 Ohio St.3d 264, 2008-Ohio-3838, 893 N.E.2d 485, ¶ 5; *State ex rel. Leatherworks Partnership v. Stuard*, 11th Dist. Trumbull No. 2002-T-0017, 2002-Ohio-6477, ¶ 19 ("if the court or judge generally has subject matter jurisdiction over the type of case in question and his authority to hear that specific action will depend on the specific facts before him, the jurisdictional defect is not obvious and the court/judge should be allowed to decide the jurisdictional issue").

{¶17} Moreover, while Elder refers to the lack of details in the complaint, he specifically discusses the affidavit filed by the victim in the criminal matter. Such an affidavit is not a complaint, but can lead to the filing of a complaint. *See* R.C. 2935.09(D) (a "private citizen having knowledge of the facts who seeks to cause an arrest or prosecution * * * may file an affidavit charging the offense committed with a reviewing official for the purpose of review to determine if a complaint should be filed by the prosecuting attorney"). Thus, Elder's contention that the affidavit itself did not contain certain information does not amount to a claim that the complaint under Crim.R. 3 was defective.

6

{¶18} Elder raises several other matters, such as that a continuance of the criminal proceedings was incorrectly granted and a competency evaluation was improper. These issues are not properly raised in prohibition proceedings, since they relate to actions of the court that have already been completed and do not involve a judge who is "about to exercise" power. *McKee*, 40 Ohio St.2d 65, 320 N.E.2d 286, at paragraph one of the syllabus. Elder had the opportunity to dispute appropriate issues in an appeal if he chose to do so. The same applies to his claim that he was not permitted to appear at the hearing on the forcible entry and detainer proceedings that took place before Judge Camplese.

{¶19} For the foregoing reasons, Elder's Petition for a Writ of Prohibition is dismissed.

DIANE V. GRENDELL, J., THOMAS R. WRIGHT, J., COLLEEN MARY O'TOOLE, J., concur.