[Cite as *State ex rel. Edler v. Camplese*, 2014-Ohio-4547.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO ex rel. EMMANUEL ELDER, | : | **PER CURIAM OPINION** |
| | : | |
| Relator, | : | **CASE NO. 2014-A-0041** |
| | : | |
| - vs - | : | |
| | : | |
| HON. JUDGE ALBERT CAMPLESE, ASHTABULA MUNICIPAL COURT, | : | |
| | : | |
| Respondent. | : | |

Original Action for Writ of Prohibition.

Judgment: Petition dismissed.

*Emmanuel Elder*, pro se, PID# A644-514, Richland Correctional Institution, P.O. Box 8107, 1001 Olivesburg Road, Mansfield, OH 44905 (Relator).

*Nicholas A. Iarocci*, Ashtabula County Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047 (For Respondent).


PER CURIAM

{¶1} Before this court is relator, Emmanuel Elder's, Petition for a Writ of Prohibition. Respondent, Judge Albert Camplese, has not filed a response to the Petition. For the following reasons, Elder's Petition is dismissed.

{¶2} On June 27, 2014, Elder filed his Petition for a Writ of Prohibition. In his Petition, he requests that this court vacate his conviction in Ashtabula Municipal Court, Case No. 12CRB02035, and "expunge" DNA collected from him as a result of that

conviction. In that case, he entered a plea of no contest and was found guilty of Unauthorized Use of Property. He argues that Judge Camplese should be prohibited from exercising authority over him, by enforcing the sentence and fine, since the court did not have jurisdiction to issue a judgment.

{¶3} Specifically, Elder asserts that the case against him was initiated "without any sworn affidavit being filed * * * from the true party of interest, i.e., the alleged victim." He argues that this alleged failure constituted an invalid complaint, which deprived the court of jurisdiction.

{¶4} Elder filed a Relator's Motion to Dismiss Respondent's Motion to Dismiss on August 1, 2014.[1] In it, he again argued that the trial court did not have the authority to exercise power over him and that his rights were violated.

{¶5} "The conditions which must exist to support the issuance of a writ of prohibition are: (1) The court or officer against whom it is sought must be about to exercise judicial or quasi-judicial power; (2) the exercise of such power must be unauthorized by law; and (3) it must appear that the refusal of the writ would result in injury for which there is no other adequate remedy in the ordinary course of the law." *State ex rel. McKee v. Cooper*, 40 Ohio St.2d 65, 320 N.E.2d 286 (1974), paragraph one of the syllabus. "[T]he function of a writ of prohibition is very limited; i.e., the sole purpose of such a writ is to stop an inferior court or judicial officer from engaging in any action which exceeds the general scope of its jurisdiction." *State ex rel. Feathers v. Gansheimer*, 11th Dist. Ashtabula No. 2006-A-0038, 2007-Ohio-2858, ¶ 2. Prohibition generally "will not issue if the party seeking extraordinary relief has an adequate remedy

---

1. Judge Camplese did not file a response to Elder's Petition in this action, although he did file one in a separate case, *State ex rel. Elder v. Honorable Judge Albert Camplese*, 11th Dist. Ashtabula No. 2014-A-0039.

in the ordinary course of law." *State ex rel. Hemsley v. Unruh*, 128 Ohio St.3d 307, 2011-Ohio-226, 943 N.E.2d 1014, ¶ 9.

{¶6} Dismissal of an original action is "appropriate if after presuming the truth of all material factual allegations of [relators'] petition and making all reasonable inferences in their favor, it appear[s] beyond doubt that they could prove no set of facts entitling them to the requested extraordinary relief." *State ex rel. Scott v. Cleveland*, 112 Ohio St.3d 324, 2006-Ohio-6573, 859 N.E.2d 923, ¶ 14. "Sua sponte dismissal without notice is warranted when a complaint is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint." *Id*.

{¶7} While writs of prohibition are generally granted to prohibit an action from occurring, "[w]here there is a total want of jurisdiction on the part of a court, a writ of prohibition will be allowed to arrest the continuing effect of an order previously issued by such court." *State ex rel. Adams v. Gusweiler*, 30 Ohio St.2d 326, 285 N.E.2d 22 (1972), paragraph two of the syllabus; *State ex rel. LTV Steel Co. v. Gwin*, 64 Ohio St.3d 245, 248, 594 N.E.2d 616 (1992) (where relator asserted that the respondents "were completely without jurisdiction to act," the Ohio Supreme Court proceeded to review the jurisdictional issues, even though respondents had already exercised the jurisdiction being challenged). When there is a patent lack of jurisdiction for the lower court to act, the remedy of appeal is "immaterial," i.e., the relator can maintain an action in prohibition regardless of his alternative remedy of appeal. *State ex rel. Willacy v. Smith*, 78 Ohio St.3d 47, 51, 676 N.E.2d 109 (1997). While Elder is not challenging an act about to be taken by the lower court, we must consider whether the court patently

3

and unambiguously lacked jurisdiction in this case, given that Elder raises challenges related to its jurisdiction.

{¶8} Elder's claim that the trial court lacked jurisdiction is based on his contention that there was not a valid affidavit of "the alleged victim" to support the complaint. Based on the arguments made in the Petition, it does not appear that Elder is alleging that there is no complaint under Crim.R. 3 or even that no affidavit was filed. It merely alleged that there was no affidavit filed "from the true party of interest" or the "alleged victim." The filing of a complaint, which states the essential facts and is made under oath, is sufficient to charge a defendant. Crim.R. 3. Elder cites to no case law to support a conclusion that the lack of an affidavit from the victim invalidates the complaint.

{¶9} Moreover, it has been held that there is not a patent lack of jurisdiction when, under R.C. 2901.11 and 2931.03, the statutes vesting authority to courts to hear criminal cases, the court has been granted jurisdiction. *State ex rel. Smith v. Lewis*, 5th Dist. Perry No. 2012-CA-9, 2012-Ohio-4257, ¶ 5; *State ex rel. Pruitt v. Donnelly*, 8th Dist. Cuyahoga No. 95518, 2011-Ohio-1252, ¶ 13 ("[p]rohibition will not lie, if the court has basic statutory jurisdiction and an appeal in the ordinary course of law is available"). *See* R.C. 2901.11(A)(1) ("[a] person is subject to criminal prosecution and punishment in this state if * * * [t]he person commits an offense under the laws of this state") and R.C. 1901.20(A)(1) ("[t]he municipal court has jurisdiction * * * of the violation of any misdemeanor committed within the limits of its territory").

{¶10} To the extent that Elder alleges the complaint itself is defective, which he only appears to do through citations to law that a complaint must contain sufficient

4

information, such an argument lacks merit. Since there is no dispute that a criminal act was at issue and the question is whether the complaint properly advised Elder of certain facts, lacking authority to the contrary, the issue of jurisdiction could properly be determined on appeal. "In the absence of a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party contesting that jurisdiction has an adequate remedy by appeal." *State ex rel. Plant v. Cosgrove*, 119 Ohio St.3d 264, 2008-Ohio-3838, 893 N.E.2d 485, ¶ 5; *State ex rel. Leatherworks Partnership v. Stuard*, 11th Dist. Trumbull No. 2002-T-0017, 2002-Ohio-6477, ¶ 19 ("if the court or judge generally has subject matter jurisdiction over the type of case in question and his authority to hear that specific action will depend on the specific facts before him, the jurisdictional defect is not obvious and the court/judge should be allowed to decide the jurisdictional issue").

**{¶11}** For the foregoing reasons, we dismiss, sua sponte, Elder's Petition for a Writ of Prohibition.


DIANE V. GRENDELL, J., THOMAS R. WRIGHT, J., COLLEEN MARY O'TOOLE, J., concur.

5