[Cite as *State ex rel. Elder v. Collins*, 2015-Ohio-3418.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO ex rel. EMMANUEL ELDER, | : | **PER CURIAM OPINION** |
| | : | |
| Relator, | : | **CASE NO. 2015-L-066** |
| | : | |
| - vs - | : | |
| HONORABLE RICHARD L. COLLINS, JR., COURT OF COMMON PLEAS, | : | |
| Respondent. | : | |

Original Action for Writ of Prohibition.

Judgment: Petition dismissed.

*Emmanuel Elder*, pro se, PID# A644-514, North Central Correctional Institution, P.O. Box 1812-670 Marion-Williamsport Rd., Marion, OH 43302 (Relator).

*Charles E. Coulson*, Lake County Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Respondent).

PER CURIAM

{¶1} Before this court is relator, Emmanuel Elder's, Petition for a Writ of Prohibition. Respondent, Judge Richard Collins, Jr., has filed a Motion to Dismiss and/or in the Alternative Motion for Summary Judgment, claiming that Elder has an adequate remedy at law by way of an appeal. For the following reasons, Elder's Petition is dismissed.

{¶2} On May 28, 2015, Elder filed his Petition for a Writ of Prohibition. In his Petition, he requests, among other things, that this court vacate his conviction/sentence for Failure to Comply with Order or Signal of Police Officer and various misdemeanor offenses in Lake County Court of Common Pleas Case No. 13 CR 000415, on the grounds that he was not given credit for speedy trial time and there was a lack of probable cause.[1] He essentially argues that Judge Collins should be prohibited from exercising authority over him by enforcing his sentence, since the court did not have jurisdiction to issue judgments in this case.

{¶3} Judge Collins filed his Motion to Dismiss on July 15, 2015.

{¶4} Elder filed a Relator's Affidavit to Deny Respondent's Motion to Dismiss and/or Summary Judgment on July 23, 2015.

{¶5} "The conditions which must exist to support the issuance of a writ of prohibition are: (1) The court or officer against whom it is sought must be about to exercise judicial or quasi-judicial power; (2) the exercise of such power must be unauthorized by law; and (3) it must appear that the refusal of the writ would result in injury for which there is no other adequate remedy in the ordinary course of the law." *State ex rel. McKee v. Cooper*, 40 Ohio St.2d 65, 320 N.E.2d 286 (1974), paragraph one of the syllabus. "[T]he function of a writ of prohibition is very limited; i.e., the sole purpose of such a writ is to stop an inferior court or judicial officer from engaging in any action which exceeds the general scope of its jurisdiction." *State ex rel. Feathers v. Gansheimer*, 11th Dist. Ashtabula No. 2006-A-0038, 2007-Ohio-2858, ¶ 2. Prohibition

---

1. Elder has previously filed two appeals in relation to the underlying criminal case, in which his convictions were affirmed. *State v. Elder*, 11th Dist. Lake No. 2014-L-001, 2014-Ohio-4312, and *State v. Elder*, 11th Dist. Lake No. 2013-L-128, 2014-Ohio-2567. He also filed a Petition for Writ of Mandamus related to this matter in *State v. Elder*, 11th Dist. Lake No. 2013-L-114, 2014-Ohio-871, which was dismissed.

generally "will not issue if the party seeking extraordinary relief has an adequate remedy in the ordinary course of law." *State ex rel. Hemsley v. Unruh*, 128 Ohio St.3d 307, 2011-Ohio-226, 943 N.E.2d 1014, ¶ 9.

{¶6} Dismissal of an original action is "appropriate if after presuming the truth of all material factual allegations of [relators'] petition and making all reasonable inferences in their favor, it appear[s] beyond doubt that they could prove no set of facts entitling them to the requested extraordinary relief." *State ex rel. Scott v. Cleveland*, 112 Ohio St.3d 324, 2006-Ohio-6573, 859 N.E.2d 923, ¶ 14.

{¶7} Elder is not seeking to prohibit any action by the trial court, but takes issue with various past actions and events in Case No. 13 CR 000415. A writ of prohibition in such circumstances is permissible only "[w]here there is a total want of jurisdiction on the part of a court," in which case the writ will be "allowed to arrest the continuing effect of an order previously issued by such court." *State ex rel. Adams v. Gusweiler*, 30 Ohio St.2d 326, 285 N.E.2d 22 (1972), paragraph two of the syllabus. When there is a patent lack of jurisdiction for the lower court to act, the remedy of appeal is "immaterial," i.e., the relator can maintain an action in prohibition regardless of his alternative remedy of appeal. *State ex rel. Willacy v. Smith*, 78 Ohio St.3d 47, 51, 676 N.E.2d 109 (1997). Thus, we must consider whether the lower court patently and unambiguously lacked jurisdiction in this case.

{¶8} Elder asserts various arguments that the proceedings against him were not properly instituted and the court had no jurisdiction because there was no traffic ticket issued for his offenses. This court addressed this issue on Elder's direct appeal in *Elder*, 2014-Ohio-4312, noting that, since the proceedings were "predicated upon an

3

indictment," such defects were harmless and had no effect on the trial court's jurisdiction. *Id.* at ¶ 45; *also Elder,* 2014-Ohio-2567, at ¶ 18.

{¶9} Elder asserts that there was a lack of probable cause to support a finding that he committed the offenses. As the Eighth District held in a similar original action instituted by Elder, a lack of probable cause "do[es] not deprive a trial court of jurisdiction" and is an issue properly raised on appeal. *State ex rel. Elder v. Matia*, 8th Dist. Cuyahoga No. 101195, 2014-Ohio-3598, ¶ 6.

{¶10} Elder next contends that the court lacked jurisdiction because there was no affidavit of a witness to the crimes for which he was convicted and the complaint did not comply with Crim.R. 4(A)(1). A similar argument has been addressed and rejected by this court, which held that the lack of a witness affidavit does not render a complaint defective or deprive the court of jurisdiction. *State ex rel. Elder v. Camplese*, 11th Dist. Ashtabula No. 2014-A-0039, 2014-Ohio-4546, ¶ 17.

{¶11} Elder also raises various arguments regarding the fact that his convictions in the matter pending before Judge Collins were "in violation of the Ohio Speedy Trial Provision." Such arguments are not properly raised in the present proceedings. A claim that a defendant "was denied his right to a speedy trial is not cognizable in an extraordinary-writ proceeding," including in an original action for a writ of prohibition. *State ex rel. Jackim v. Ambrose*, 118 Ohio St.3d 512, 2008-Ohio-3182, 890 N.E.2d 324, ¶ 6; *State ex rel. Pesci v. Lucci,* 115 Ohio St.3d 218, 2007-Ohio-4795, 874 N.E.2d 774, ¶ 6. Elder had an adequate remedy by way of appeal to address any alleged speedy trial issues.

{¶12} Finally, Elder alleges various other issues with actions that have already occurred in the underlying criminal proceedings, such as a lack of evidence to support his conviction and the failure of an officer to comply with a subpoena. However, he advances no credible argument supporting a conclusion that these actions rendered the court with a total lack of jurisdiction. As such, they are not properly addressed in prohibition proceedings. *See Matia*, 2014-Ohio-3598, at ¶ 6.

{¶13} In sum, Elder raises arguments that this court has previously rejected and that lack any legal support. Since Elder can prove no set of facts entitling him to the requested extraordinary relief, his Petition for a Writ of Prohibition is dismissed.


DIANE V. GRENDELL, J., THOMAS R. WRIGHT, J., COLLEEN MARY O'TOOLE, J., concur.