PER CURIUM OPINION
{¶ 1} Appellant, Ronald Dudas, appeals the judgment of the Lake County Court of Common Pleas denying his motion to quash the indictment. Appellant was convicted following his guilty plea to intimidation of and retaliation against a Cuyahoga County Common Pleas Court Judge and engaging in a pattern of corrupt activity involving the theft of money and real estate from numerous victims. At issue is whether appellant's *Page 2 
motion was barred by res judicata and his guilty plea. For the reasons that follow, we affirm.
 {¶ 2} Appellant pled guilty in two cases that were consolidated in the trial court. After two days of jury trial in Case No. 06 CR 000560, "the murder conspiracy case," appellant pled guilty to four counts of intimidation of Detective Simon Cesareo of the North Olmsted Police Department and Cuyahoga County Common Pleas Judge David T. Matia and one count of retaliation against Judge Matia. In Case No. 06 CR 000700, "the corrupt activity case," appellant pled guilty to one count of engaging in a pattern of corrupt activity, one count of tampering with records, one count of forgery, one count of felony theft, one count of uttering, one count of securing writings by deception, and one count of telecommunications fraud.
 {¶ 3} In the murder conspiracy case, appellant hired a hitman to murder Judge Matia and to break Detective Cesareo's legs in retaliation for their roles in investigating and sentencing him in a prior felony theft case.
 {¶ 4} In the corrupt activity case, appellant formed and carried on an enterprise for the ostensible purpose of providing loans to individuals in desperate financial straits, but with the true purpose of stealing their funds and real estate. He set up and operated mortgage companies to accomplish this purpose. Many of appellant's victims were near foreclosure, and he took advantage of their plight by stealing the last of their assets. Appellant created false loan applications and mortgages using the name and credit of his victims to obtain loans from lenders. He then stole the proceeds from these loans. He also stole money and real estate from his victims. He stole in excess of one million dollars from multiple victims, driving many of them into financial ruin and/or bankruptcy. *Page 3 
The indictment listed 35 victims. He stole more than $100,000 apiece from 14 separate victims.
 {¶ 5} Following a sentencing hearing on December 1, 2006, in the murder conspiracy case, the court sentenced appellant on each of four counts of intimidation to five years, each term to run concurrently to the others. The court also sentenced him to five years on the retaliation count, to be served consecutively with the intimidation counts, for a total of ten years.
 {¶ 6} In the corrupt activity case, the court sentenced appellant to ten years for engaging in a pattern of corrupt activity, five years for tampering with records, 18 months for forgery, one year for theft, 18 months for uttering, five years for securing writings by deception, and 18 months for telecommunications fraud. The prison terms imposed for forgery, theft, uttering, and telecommunications fraud were to be served concurrently to each other and concurrently to the terms imposed for engaging in a pattern of corrupt activity, tampering with records, and securing writings by deception. The terms for engaging in a pattern of corrupt activity, tampering with records, and securing writings by deception were to be served consecutively to each other, for a total of 20 years in prison, and consecutively to the prison term in the murder conspiracy case, for a total of 30 years in prison.
 {¶ 7} Appellant appealed his conviction in State v. Dudas, 11th Dist. Nos. 2006-L-267 and 2006-L-268, 2007-Ohio-6739, discretionary appeal not allowed, 118 Ohio St.3d 1406, 2008-Ohio-2340 ("Dudas I "), and this court affirmed his conviction.
 {¶ 8} Following appellant's conviction, he filed multiple pro-se-post-sentence motions and appealed the trial court's denial of these motions. In State v. Dudas, *Page 4 
11th Dist. No. 2007-L-074, 2007-Ohio-6731 ("Dudas II"), this court affirmed the trial court's denial of appellant's motion to require the state to return his laptop computer and his personal and business files, which he argued the state had seized in an unlawful search.
 {¶ 9} In State v. Dudas, 11th Dist. Nos. 2007-L-140 and 2007-L-141,2008-Ohio-3262 ("Dudas III"), this court affirmed the trial court's order dismissing appellant's petition for post conviction relief.
 {¶ 10} In State v. Dudas, 11th Dist. No. 2007-L-169, 2008-Ohio-3261
("Dudas IV"), this court affirmed the trial court's judgment denying appellant's motion to compel two victims of his theft scheme to return his property
 {¶ 11} In State v. Dudas, 11th Dist. Nos. 2007-L-170 and 2007-L-171,2008-Ohio-3260 ("Dudas V"), this court affirmed the trial court's judgment denying appellant's Civ. R. 60 motion for relief from judgment.
 {¶ 12} In State v. Dudas, 11th Dist. Nos. 2008-L-081 and 2008-L-082, 2008-Ohio-7043 ("Dudas VI"), this court affirmed the trial court's judgment denying appellant's motion to withdraw his guilty plea.
 {¶ 13} In State v. Dudas, 11th Dist. Nos. 2007-L-189 and 2007-L-190,2008-Ohio-6983 ("Dudas VII"), this court affirmed the judgment of the trial court denying appellant's petition to return all seized contraband from law enforcement officials.
 {¶ 14} In addition, by our judgment entry, dated June 3, 2008, we denied appellant's motion for reconsideration.
 {¶ 15} On May 27, 2008, one and one-half years after appellant was sentenced, he filed a motion to quash the indictment, which the trial court denied. Appellant now *Page 5 
appeals the court's ruling, asserting eight assignments of error. Because the issues raised in his first, second, third, fourth, sixth, seventh, and eighth assigned errors are interrelated, we shall consider them together. For these assigned errors, appellant states:
 {¶ 16} "[1.] DID THE TRIAL COURT ERROR [SIC] IN DENYING THE MOTION TO QUASH INDICTMENT. [SIC]
 {¶ 17} "[2.] WHERE [SIC] THE CHARGES FILED AGAINST THE DEFENDANT IN THE INDICTMENT IN VIOLATION OF DUE PROCESS AND CONSIDERED DOUBLE JEOPARDY. [SIC]
 {¶ 18} "[3.] DID THE COURTS [SIC] ERROR [SIC] BY NOT FOLLOWING CRIM.R. 3 IN THE INDICTMENTS. [SIC]
 {¶ 19} "[4.] BY PLEADING GUILTY DID THE DEFENDANT WAIVE HIS RIGHTS [SIC] TO CHALLENGE THE INDICTMENT. [SIC]
 {¶ 20} "[6.] THERE IS GOVERNMENT MISCONDUCT, VINDICTIVE PROSECUTION AND PROSECUTORIAL MISCONDUCT IN AND OUTSIDE OF THE INDICTMENT PROCESS.
 {¶ 21} "[7.] NO MENS REA EXISTED AND BY NOT STATING THE MENS REA AS AN ELEMENT IN THE INDICTMENT IT IS A [SIC] PLAIN ERROR.
 {¶ 22} "[8] THE INDICTMENTS WERE MULTIPLICITOUS."
 {¶ 23} As a preliminary matter, we note that motions to quash have been abolished in Ohio. Crim. R. 12(A). The defenses and objections formerly raised by such *Page 6 
motion are now to be raised in a motion to dismiss. Id. Further, Crim. R. 12(C)(2) provides that defenses and objections based on defects in the indictment must be raised before trial. Crim. R. 12(H) provides a defendant's failure to raise these defenses or objections prior to trial constitutes a waiver. Appellant failed to assert an objection based on defects in the indictment prior to trial. As a result, any such defects are waived.
 {¶ 24} However, even if the issue was not waived, appellant's argument would lack merit.
 {¶ 25} First, appellant argues the trial court should have quashed the indictment due to prosecutorial misconduct because the prosecutor was aware the state's witnesses committed perjury and set him up.
 {¶ 26} "Generally, prosecutorial misconduct is not a basis for overturning a criminal conviction, unless, on the record as a whole, the misconduct can be said to have deprived the defendant of a fair trial."State v. Hillman, 10th Dist. Nos. 06AP-1230 and 07AP-728,2008-Ohio-2341, at ¶ 26. The focus of that inquiry is on the fairness of the trial, not the culpability of the prosecutor. State v. Bey (1999),85 Ohio St.3d 487, 495, 1999-Ohio-283.
 {¶ 27} By pleading guilty, appellant waived his right to a trial. He thus waived the right to challenge the indictment on the ground of prosecutorial misconduct.
 {¶ 28} The United States Supreme Court has held: "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of *Page 7 
constitutional rights that occurred prior to the entry of the guilty plea." Tollett v. Henderson (1973), 411 U.S. 258, 267.
 {¶ 29} The Supreme Court in Lefkowitz v. Newsome (1975), 420 U.S. 283, further held: "`[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process.'" Id. at 289, quoting Tollett at 267.
 {¶ 30} In Haring v. Prosise (1983), 462 U.S. 306, the Supreme Court held:
 {¶ 31} "`[A] counseled plea of guilty is an admission of factual guilt so reliable that *** it quite validly removes the issue of factual guilt from the case. *** A guilty plea, therefore, simply renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction, if factual guilt is validly established.'" (Emphasis sic.) Id. at 321, quoting Menna v. New York(1975), 423 U.S. 61, 62-63, n. 2.
 {¶ 32} Appellant's claim of prosecutorial misconduct, which allegedly occurred before the entry of his guilty plea, is not logically inconsistent with appellant's factual guilt. Therefore, his guilty plea rendered his claim of prosecutorial misconduct irrelevant.
 {¶ 33} Further, appellant failed to object to the prosecutor's alleged misconduct at any time prior to his conviction. Therefore, appellant has waived such challenge, absent plain error. State v. Keenan (1998),81 Ohio St.3d 133, 142, 1998-Ohio-459. "Plain error does not exist unless it can be said that but for the error, the outcome of the trial would clearly have been otherwise." State v. Moreland (1990),50 Ohio St.3d 58, 62. "Notice of plain error under Crim. R. 52(B) is to be taken with the utmost caution, *Page 8 
under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Long (1978), 53 Ohio St.2d 91, at paragraph three of the syllabus.
 {¶ 34} In light of the lack of evidence in the record that the prosecutor was aware the state's witnesses allegedly committed perjury or set appellant up, we find no error, plain or otherwise. An appellate court in determining the existence of error is limited to a review of the record. State v. Sheldon (Dec. 31, 1986), 11th Dist. No. 3695, 1986 Ohio App. LEXIS 9608, *2; Schick v. Cincinnati (1927), 116 Ohio St. 16, at paragraph three of the syllabus. Without any evidence in support of appellant's argument, there is nothing for us to consider. Dudas II
at ¶ 15. On appeal it is the appellant's responsibility to support his argument by evidence that supports his assigned errors. Columbus v.Hodge (1987), 37 Ohio App.3d 68, at paragraph two of the syllabus.
 {¶ 35} Further, appellant's argument is barred by res judicata. As we held in Dudas III:
 {¶ 36} "Thus, based on the record and the petition, appellant was aware of his claim[] based on set up *** long before he entered his guilty plea. He failed to assert [this] issue in trial or on the direct appeal of his conviction. As a result, [this issue is] barred by res judicata." Id. at ¶ 72.
 {¶ 37} For his second argument, appellant asserts the state was required to set forth in the indictment the specific subsections of the various statutes under which he was indicted. He argues that because the state failed to do this, the trial court should have quashed the indictment. He further argues the indictment is defective because the state did not include the mens rea element of the offenses charged in the indictment. However, by failing to make this argument in the trial court prior to his conviction, *Page 9 
appellant is precluded from asserting it on appeal. See Crim. R. 12. The argument is further waived by his guilty plea. Moreover, since appellant could have, but failed to assert this argument on direct appeal, it is barred by res judicata.
 {¶ 38} However, even if appellant was not precluded from raising this argument, it would lack merit. Appellant presented to the trial court a list of statutory subsections he argues should have been referenced in the indictment in support of the offenses with which he was charged. Crim. R. 7 controls the sufficiency of and amendments to criminal indictments. That rule provides in pertinent part:
 {¶ 39} "The indictment * * * shall contain a statement that the accused has committed some public offense therein specified. Such statement may be made in ordinary and concise language without *** any allegations not essential to be proved. It may be in the words of the applicable section of the statute as long as the words of that statute charge an offense, or in any words sufficient to give the accused notice of all the elements of the offense with which he is charged. * * *"
 {¶ 40} The subsections referenced by appellant on his list include matters other than the essential elements of the indicted offenses. They include such items as alternative forms of conduct not relevant here which could result in culpability, potential civil liability for the commission of the offenses, references to the degree of felony charged, and definitions of phrases not pertinent to the charged offenses. Essentially, appellant is arguing that unless the indictment includes all subsections of a statute defining the offense charged, the indictment is defective. However, because Crim. R. 7 only requires that the elements of a crime charged be set forth in the indictment, appellant's argument is not well taken. *Page 10 
 {¶ 41} With respect to appellant's argument that the indictment does not include the mens rea element, we note that appellant does not specify which of the 164 counts of the indictment is lacking a mens rea element.
 {¶ 42} An assignment of error must explain the error claimed with specificity. Industrial Comm. Of Ohio v. Cleek (1920), 13 Ohio App. 417,423-424. An assignment of error must be sufficiently specific that the court of appeals is not required to guess as to the error challenged.Enyart v. Columbus Metro. Area Community Action Org. (1996),115 Ohio App.3d 348, 357. As a result, it is appellant's obligation to point out the counts in the indictment that allegedly omit this element. His failure to do so is fatal to his argument. We are not required to comb the indictment in order to find examples of the state's alleged failure to include such element. Moreover, from our review of the indictment, we note that the offenses to which appellant pled guilty listed their essential elements.
 {¶ 43} Further, appellant's suggestion that structural error was committed is precluded since his conviction is based on a guilty plea. See State v. Colon, 118 Ohio St.3d 26, 2008-Ohio-1624.
 {¶ 44} Third, appellant maintains that because he was convicted of engaging in a pattern of corrupt activity, in violation of R.C. 2923.32, Ohio's version of the Federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. Sec. 1961, et seq., his conviction of offenses that are predicate acts violated his right to be free from double jeopardy. We note that appellant failed to make this argument at any time prior to or during his sentencing. Moreover, his conviction is based on a guilty plea. Further, appellant could have, but failed to make this argument on direct appeal. *Page 11 
 {¶ 45} In any event, when a defendant challenges his conviction of multiple offenses on double jeopardy grounds, the pertinent issue is whether the offenses of which he was convicted are allied offenses of similar import. In order for two crimes to be allied offenses of similar import, there must be a recognized similarity between the elements of the crimes committed, such that the commission of one offense will result in the commission of the other. State v. Logan (1979),60 Ohio St.2d 126, 128.
 {¶ 46} A violation of R.C. 2923.32 requires more than just the commission of multiple designated acts of corrupt activity. R.C. 2923.32
requires employment or association with an enterprise and participation in the affairs of the enterprise through a pattern of corrupt activity. Such pattern must include both a relationship and continuous activity, as well as proof of the existence of an enterprise. Thus, the conduct required to commit a RICO violation is independent of the conduct required to commit designated acts of corrupt activity.
 {¶ 47} Further, R.C. 2923.32 was enacted to criminalize the "pattern of criminal activity," and not the underlying predicate acts. Its application depends on the existence of a "pattern of criminal activity" that violates an independent criminal statute. United States v.Neapolitan (C.A. 7, 1986), 791 F.2d 489, 495. The purpose of RICO as stated in its legislative history is to eradicate organized crime in the United States by strengthening the legal tools in the evidence-gathering process, by establishing new penal prohibitions, and by providing enhanced sanctions and new remedies to deal with the unlawful activities of those engaged in organized crime. Organized Crime Control Act of 1970, Statement of Findings and Purpose, 84 Stat. 922, reprinted in (1970) U.S. Code Cong. Admin. News, p. 1073. *Page 12 
 {¶ 48} Relying on the purpose of RICO and principles of double jeopardy, numerous federal courts have held that double jeopardy doesnot bar a RICO conviction and a separate conviction and sentence on thepredicate offence. U.S. v. Boylan (C.A.2, 1980), 620 F.2d 359, 361, cert. denied (1980), 449 U.S. 883; U.S. v. Grayson (C.A.3, 1986),795 F.2d 278, 283; U.S. v. Truglio (C.A.4, 1984), 731 F.2d 1123, 1128-30, cert. denied (1984), 469 U.S. 862; United States v. Phillips (C.A.5, 1981), 664 F.2d 971, 1015; U.S. v. Licavoli (C.A.6, 1984),725 F.2d 1040, 1050.
 {¶ 49} The elements of the other offenses to which appellant pled guilty, i.e., tampering with records, theft, uttering, securing writings by deception, and telecommunications fraud, do not correspond with the elements of RICO to such a degree that the commission of any of the other offenses results in the violation of RICO.
 {¶ 50} We therefore hold that RICO and the other offenses to which appellant pled guilty are offenses of dissimilar import. As a result, appellant's right to be free from double jeopardy was not violated by his conviction and sentence.
 {¶ 51} Fourth, appellant argues that because the statutory offense of robbery does not list a culpable mental state, the state was required to allege recklessness in the indictment. However, this argument is not germane because appellant did not plead guilty to robbery. Moreover, as noted supra, appellant's conviction is based on a guilty plea.
 {¶ 52} Appellant's first, second, third, fourth, sixth, seventh, and eighth assignments of error are not well taken.
 {¶ 53} For his fifth assignment of error, appellant alleges: *Page 13 
 {¶ 54} "WHEN THE CHARGED OFFENSE RESULTS IN A FORFEITURE OF PROPERTY, THE INDICTMENT HAS TO ALLEGE THE EXTENT OF THE INTEREST OR PROPERTY SUBJECT TO FORFEITURE."
 {¶ 55} Appellant argues that because the state "has stolen files and property," it was required to allege in the indictment the extent of the interest or property subject to forefeiture pursuant to Rule 7 of the Federal Rules of Criminal Procedure. Appellant fails to grasp that these rules do not apply to state court proceedings. Moreover, appellant did not allege or prove the state filed forfeiture proceedings against him. Finally, as we held in Dudas VII, there is no evidence in the record that the state seized his property through a search.
 {¶ 56} Appellant's fifth assignment of error is not well taken.
 {¶ 57} For the reasons stated in the Opinion of this court, the assignments of error are without merit. It is the judgment and order of this court that the judgment of the Lake County Court of Common Pleas is affirmed.
CYNTHIA WESTCOTT RICE, J., MARY JANE TRAPP, J., TIMOTHY P. CANNON, J., concur. *Page 1