[Cite as *State v. Johnson*, 2016-Ohio-2762.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | | |

| STATE OF OHIO | | C.A. No. 14CA010617 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| REGINAL L. JOHNSON | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | | CASE No. 13CR086507 |

DECISION AND JOURNAL ENTRY

Dated: May 2, 2016

HENSAL, Judge.

{¶1} Reginal Johnson appeals his convictions in the Lorain County Court of Common Pleas for engaging in a pattern of corrupt activity, trafficking in drugs, possession of drugs, possession of criminal tools, possession of drug paraphernalia, and permitting drug abuse. For the following reasons, this Court affirms.

I.

{¶2} The Grand Jury indicted Mr. Johnson on a number of drug-related offenses. Several months later, Mr. Johnson's lawyer learned that he had represented a confidential informant who was involved with at least some of the charges. He, therefore, moved to withdraw. The trial court granted the motion, and Mr. Johnson obtained new counsel. A few months later, Mr. Johnson struck a plea deal with the State, under which he agreed to plead guilty to the offenses. After examining Mr. Johnson about whether he understood the plea and

its effects, the trial court accepted Mr. Johnson's guilty plea and sentenced him to 15 years imprisonment.  Mr. Johnson has appealed, assigning two errors.

ASSIGNMENT OF ERROR I

THE COURT ERRED WHEN IT TOLD APPELLANT THAT HE WAS POSSIBLY ELIGIBLE FOR JUDICIAL RELEASE DURING THE PLEA PORTION OF THE PROCEEDINGS.   THE RESULT WAS THAT APPELLANT'S PLEA OF GUILTY WAS NOT INTELLIGENTLY, KNOWINGLY, OR VOLUNTARILY ENTERED.

{¶3}    Mr. Johnson argues that the trial court improperly conducted his plea colloquy because it suggested that he might eventually be eligible for judicial release on offenses that carried mandatory prison terms.  He notes that, in *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, the Ohio Supreme Court explained that, to ensure that a defendant wishing to plead guilty does so knowingly, intelligently, and voluntarily, the information that a trial court conveys during a Criminal Rule 11 plea colloquy "must be accurate."  *Id*. at ¶ 39.  According to Mr. Johnson, because the trial court mistakenly told him about judicial release, it made his plea unintelligent and involuntary.  Mr. Johnson also argues that the trial court failed to correct the erroneous information that it initially told him about judicial release.  *See id*.  Mr. Johnson has not argued that the trial court failed to comply with Criminal Rule 11 or that, but for the trial court's explanation, he would not have entered his plea.

{¶4}    As in *Clark*, in addition to complying with Criminal Rule 11, the trial court provided Mr. Johnson with an additional explanation of his sentence, which the Supreme Court has approved, so long as that explanation is accurate.  The trial court did not tell Mr. Johnson that he might be eligible for judicial release on mandatory prison terms.  Rather, it explained to him that, "depending on your prison term, the length of it and the timing involved, conceivably you might be eligible at some point for judicial release."  Its statement was accurate.  Contrary to

Mr. Johnson's assertion, not all of the offenses to which he pleaded guilty required mandatory prison terms. Thus, it was possible for the court to craft a sentence which would eventually allow Mr. Johnson to be eligible for judicial release. The court was not bound by the parties' sentencing agreement. *See State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, ¶ 28.

**{¶5}** Because the trial court did not misstate Mr. Johnson's eligibility for judicial release during the plea colloquy, and he has not challenged any other aspect of the colloquy or argued that he was prejudiced, we conclude that Mr. Johnson has failed to demonstrate that his plea was not knowing, intelligent, and voluntary. Mr. Johnson's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE STATE ABUSED ITS PROSECUTORIAL DISCRETION IN APPELLANT'S CASE. THE RESULT OF THIS ABUSE OF DISCRETION WAS TO RENDER THE TRIAL COURT UNABLE TO CONDUCT A FAIR PROCEEDING. THE RESULT WAS THE INABILITY OF THE APPELLANT TO HAVE EFFECTIVE ASSISTANCE OF COUNSEL.

**{¶6}** Mr. Johnson argues that the State abused its prosecutorial discretion because it identified a number of individuals in the indictment under the engaging-in-a-pattern-of-corrupt-activity count but did not inform the trial court about the status of those individuals' cases. He also argues that the State abused its prosecutorial discretion because it did not disclose all of its witnesses, which resulted in him being represented for a year by an attorney who had a conflict of interest.

**{¶7}** The Ohio Supreme Court has recognized that a defendant's guilty plea waives "any complaint as to claims of constitutional violations not related to the entry of the guilty plea." *State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, ¶ 105. A guilty plea is an admission of guilt "so reliable" that it "simply renders irrelevant those constitutional violations

not logically inconsistent with the valid establishment of factual guilt and which do not stand in way of conviction * * *." *Haring v. Prosise*, 462 U.S. 306, 321 (1983), quoting *Menna v. New York*, 423 U.S. 61, 62 n. 2 (1975). Accordingly, claims of prosecutorial misconduct that are "not logically inconsistent with [an] appellant's factual guilt" are irrelevant for purposes of appeal. *State v. Dudas*, 11th Dist. Lake Nos. 2008-L-109, 2008-L-110, 2009-Ohio-1001, ¶ 32.

{¶8} Mr. Johnson's prosecutorial misconduct arguments do not attack the trial court's jurisdiction to try his case, the constitutionality of the statutes that he violated, or implicate the knowing, intelligent, and voluntary character of his guilty plea. *See State v. Fitzpatrick*, 102 Ohio St.3d 321, 2004-Ohio-3167, ¶ 79. We, therefore, conclude that Mr. Johnson has waived his prosecutorial discretion arguments.

{¶9} Mr. Johnson's brief also contains allegations that his counsel was ineffective, but he does not develop an argument with respect to this issue. We, therefore, decline to address whether Mr. Johnson's lawyers were ineffective. *See* App.R. 12(A)(2), 16(A)(7). Mr. Johnson's second assignment of error is overruled.

### III.

{¶10} Mr. Johnson's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

CARR, P. J.
SCHAFER, J.
CONCUR.


APPEARANCES:

JOHN D. TOTH, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and NATASHA RUIZ GUERRIERI, Assistant Prosecuting Attorney, for Appellee.