[Cite as *State v. Tall*, 2023-Ohio-1853.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## UNION COUNTY

STATE OF OHIO,

     PLAINTIFF-APPELLEE,               CASE NO.  14-22-26

     v.

BOUBACAR TALL,                   O P I N I O N

     DEFENDANT-APPELLANT.

Appeal from Union County Common Pleas Court
Trial Court No.  2018-CR-0041

Judgment Affirmed

Date of Decision:  June 5, 2023

APPEARANCES:

    *Alison Boggs* for Appellant

    *Raymond Kelly Hamilton* for Appellee

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Boubacar Tall ("Tall"), appeals the November 2, 2022 judgment entry of sentence of the Union County Court of Common Pleas. We affirm.

{¶2} On March 1, 2018, the Union County Grand Jury indicted Tall on Count One of passing bad checks in violation of R.C. 2913.11(B), (F), a fifth-degree felony; Count Two of grand theft of a motor vehicle in violation of R.C. 2913.02(A)(3), (B)(5), a fourth-degree felony; and Count Three of forgery in violation of R.C. 2913.31(A)(3), (C)(1)(b)(i), a fourth-degree felony. After he was apprehended and returned to Union County, Tall appeared for arraignment on July 6, 2022 and entered pleas of not guilty to the counts in the indictment.

{¶3} On September 14, 2022, Tall withdrew his pleas of not guilty and entered guilty pleas, under a negotiated-plea agreement, to the counts alleged in the indictment. The trial court accepted Tall's guilty pleas, found him guilty, and ordered a pre-sentence investigation.

{¶4} On November 2, 2022, the trial court sentenced Tall to 11 months in prison on Count One and to 17 months in prison on Counts Two and Three, respectively. (Doc. No. 26). The trial court ordered Tall to serve the prison terms consecutively for an aggregate sentence of 45 months in prison.

{¶5} On December 1, 2022, Tall filed a notice of appeal. He raises one assignment of error for our review.

**Assignment of Error**

**The Trial Court Erred When it Failed to Merge His Convictions For Passing Bad Checks and Forgery With The Grand Theft of a Motor Vehicle As Allied Offenses of Similar Import.**

{¶6} In his sole assignment of error, Tall argues that the trial court erred by failing to merge his passing-bad-checks, forgery, and grand-theft-of-a-motor-vehicle convictions. Specifically, Tall contends that his passing-bad-checks, forgery, and grand-theft-of-a-motor-vehicle convictions are allied offenses of similar import because "[t]here is no separate animus for each offense, it was completed in one transaction and there was only one victim." (Appellant's Brief at 7-8).

*Standard of Review*

{¶7} Whether offenses are allied offenses of similar import is a question of law that this court reviews de novo. *State v. Stall*, 3d Dist. Crawford No. 3-10-12, 2011-Ohio-5733, ¶ 15. "De novo review is independent, without deference to the lower court's decision." *State v. Hudson*, 3d Dist. Marion No. 9-12-38, 2013-Ohio-647, ¶ 27.

{¶8} However, a defendant's failure to preserve the issue of merger at the time of sentencing, forfeits all but plain error on review. *State v. Bailey*, ___ Ohio

St.3d ___, 2022-Ohio-4407, ¶ 7. "Under Crim.R. 52, '[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.'" *State v. Shockey*, 9th Dist. Summit No. 29170, 2019-Ohio-2417, ¶ 7, quoting Crim.R. 52(B). "Plain error exists only where there is a deviation from a legal rule, that is obvious, and that affected the appellant's substantial rights to the extent that it affected the outcome of the trial." *Id. See also Bailey* at ¶ 9 ("The elements of the plain-error doctrine are conjunctive: all three must apply to justify an appellate court's intervention."). "We recognize plain error '"with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice."'" *State v. Howard*, 3d Dist. Marion No. 9-10-50, 2011-Ohio-3524, ¶ 83, quoting *State v. Landrum*, 53 Ohio St.3d 107, 110 (1990), quoting *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus.

*Analysis*

R.C. 2941.25, Ohio's multiple-count statute, states:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶9} The Supreme Court of Ohio directs us to apply a three-part test to determine whether a defendant can be convicted of multiple offenses:

> As a practical matter, when determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must ask three questions when defendant's conduct supports multiple offenses: (1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation? An affirmative answer to any of the above will permit separate convictions. The conduct, the animus, and the import must all be considered.

*State v. Earley*, 145 Ohio St.3d 281, 2015-Ohio-4615, ¶ 12, quoting *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, ¶ 12 and *Ruff* at paragraphs one, two, and three of the syllabus.

{¶10} "As explained in *Ruff*, offenses are of dissimilar import 'when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable.'" *State v. Bailey*, 1st Dist. Hamilton No. C-140129, 2015-Ohio-2997, ¶ 77, quoting *Ruff* at paragraph two of the syllabus. "At its heart, the allied-offense analysis is dependent upon the facts of a case because R.C. 2941.25 focuses on the defendant's conduct. The evidence at trial * * * will reveal whether the offenses have similar import." *Ruff* at ¶ 26. "[A] defendant's conduct that constitutes two or more offenses against a single victim can support multiple convictions if the harm that results from each offense is separate and identifiable from the harm of the other offense." *Id.*

**{¶11}** "The term 'animus' means "'purpose or, more properly, immediate motive.'"" *State v. Ramey*, 2d Dist. Clark No. 2014-CA-127, 2015-Ohio-5389, ¶ 70, quoting *State v. Grissom*, 2d Dist. Montgomery No. 25750, 2014-Ohio-857, ¶ 40, quoting *State v. Logan*, 60 Ohio St.2d 126, 131 (1979). "'Where an individual's immediate motive involves the commission of one offense, but in the course of committing that crime he must * * * commit another, then he may well possess but a single animus, and in that event may be convicted of only one crime.'" *Id.*, quoting *Logan* at 131.

**{¶12}** "'Like all mental states, animus is often difficult to prove directly, but must be inferred from the surrounding circumstances.'" *Id.* at ¶ 71, quoting *Logan* at 131. "'Thus the manner in which a defendant engages in a course of conduct may indicate distinct purposes.'" *Id.*, quoting *State v. Whipple*, 1st Dist. Hamilton No. C-110184, 2012-Ohio-2938, ¶ 38. "'Courts should consider what facts appear in the record that "distinguish the circumstances or draw a line of distinction that enables a trier of fact to reasonably conclude separate and distinct crimes were committed."'" *Id.*, quoting *Whipple* at ¶ 38, quoting *State v. Glenn*, 8th Dist. Cuyahoga No. 94425, 2012-Ohio-1530, ¶ 9.

**{¶13}** Tall was convicted of passing bad checks under R.C. 2913.11(B), forgery under R.C. 2913.31(A)(3), and grand theft of a motor vehicle under R.C. 2913.02(A)(3). Passing bad checks is defined by R.C. 2913.11, which provides in

its relevant part, that "[n]o person, with purpose to defraud, shall issue * * * a check * * *, knowing that it will be dishonored * * * ." R.C. 2913.11(B). R.C. 2913.31 sets forth the offense of forgery and provides, in its relevant part, that "[n]o person, with purpose to defraud * * * shall "[u]tter, or possess with purpose to utter, any writing that the person knows to have been forged." R.C. 2913.31(A)(3). Finally, grand theft of a motor vehicle is codified under R.C. 2913.02, which provides, in its relevant part that, "[n]o person, with purpose to deprive the owner of property * * *, shall knowingly obtain * * * the property * * * [b]y deception." R.C. 2913.02(A)(3).

{¶14} Under R.C. Chapter 2913, "'[d]eception' means knowingly deceiving another or causing another to be deceived by any false or misleading representation, by withholding information, by preventing another from acquiring information, or by any other conduct, act, or omission that creates, confirms, or perpetuates a false impression in another, including a false impression as to law, value, state of mind, or other objective or subjective fact." R.C. 2913.01(A). Likewise, "'[d]efraud' means" under R.C. Chapter 2913 "to knowingly obtain, by deception, some benefit for oneself or another, or to knowingly cause, by deception, some detriment to another." R.C. 2913.01(B). Finally, "[d]eprive means" under R.C. Chapter 2913 to "[a]ccept, use, or appropriate * * * property * * * with purpose not to give proper

-7-

consideration in return for the * * * property * * * and without reasonable justification or excuse for not giving proper consideration." R.C. 2913.01(C).

{¶15} "A person acts purposely when it is the person's specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is the offender's specific intention to engage in conduct of that nature." R.C. 2901.22(A). Further, "[a] person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature." R.C. 2901.22(B).

{¶16} In this case, since Tall failed to object to the trial court's failure to consider whether his passing-bad-checks, forgery, and grand-theft-of-a-motor-vehicle convictions are allied offenses of similar import, he forfeited all but plain error on appeal. More importantly, based on our review of the record, we conclude that Tall waived his allied-offenses argument.

{¶17} Here, the record reflects that Tall "intended to relinquish the opportunity to argue that" the offenses are allied offenses of similar import by pleading guilty. *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, ¶ 20. Specifically, Tall stipulated in his negotiated-plea agreement that the offenses to which he pleaded guilty are not allied offenses of similar import. That is, Tall agreed that "each offense to which [he is] pleading guilty was done with a separate

animus (criminal purpose) or as separate criminal conduct and that the harm that resulted from each offense is separate and identifiable." (Doc. No. 23). Further, Tall agreed to "*expressly waive* the protection afforded to [him] under R.C. 2941.25 and [to] forfeit any claim that the[] crimes are allied offenses of similar import." (Emphasis added.) (*Id.*). Finally, Tall agreed that he understood "that as a result of [his] waiver, that the court will impose a sentence on each count without any further inquiry or determination as to whether the crimes that [he is] pleading guilty to should merge for sentencing purposes" and "that if any of [his] offenses were to merge for purposes of sentencing, the possible length of [his] sentence may be reduced." (*Id.*). Importantly, "[i]t is possible for an accused to expressly waive the protection afforded by R.C. 2941.25, such as by 'stipulating in the plea agreement that the offenses were committed with separate animus.'" *Rogers* at ¶ 20, quoting *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, ¶ 29.

{¶18} Moreover, even though the parties (nor the trial court) did not explicitly address Tall's stipulation during the plea proceedings, the balance of the trial court's Crim.R. 11 colloquy demonstrates that Tall's guilty pleas were knowing, intelligent, and voluntary. Critically, Tall indicated that he understood that the sentence imposed by the trial court could be a "prison sentence of three and a half years" "if you would add all [three sentences] together * * * ." (Sept. 14, 2022 Tr. at 8). *Compare State v. Pagan*, 10th Dist. Franklin No. 19AP-216, 2019-

Ohio-4954, ¶ 24 (concluding that Pagan waived any argument that his offenses were allied offenses of similar import because, in part, "the transcript of the plea colloquy reflects that Mr. Pagan made his plea knowingly, voluntarily, and intelligently, and that he understood that the sentence as imposed by the court could exceed even the 18-year upper end of the sentencing range"); *State v. Thomas*, 2d Dist. Champaign No. 2015-CA-33, 2016-Ohio-5057, ¶ 14 (concluding that "in light of the trial court's advisements at the plea hearing, Thomas was, at the very least, indirectly made aware of the fact that his offenses would not merge at sentencing").

**{¶19}** As a result, since Tall stipulated that the offenses are not allied offenses of similar import, the trial court was not obligated to determine whether the offenses merged. *See State v. Torres*, 8th Dist. Cuyahoga No. 100106, 2014-Ohio-1622, ¶ 11 ("Because the parties stipulated that the offenses were not allied offenses, the trial court was not obligated under R.C. 2941.25 to determine whether the offenses charged in Counts 1 through 38 and Count 60 were allied offenses."). Consequently, it was not error, let alone plain error, for the trial court to fail to merge Tall's passing-bad-checks, forgery, and grand-theft-of-a-motor-vehicle convictions.

**{¶20}** Tall's assignment of error is overruled.

**{¶21}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**MILLER, P.J. and WALDICK, J., concur.**

**/jlr**