[Cite as *State v. Lawrence*, 2025-Ohio-3023.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

SEYOUM LAWRENCE,

    DEFENDANT-APPELLANT.

CASE NO. 1-24-76

OPINION AND
JUDGMENT ENTRY

---

Appeal from Allen County Common Pleas Court
Trial Court No. CR 2024 0012

Judgment Affirmed

Date of Decision: August 25, 2025

---

APPEARANCES:

    *Chima R. Ekeh* for Appellant

    *John R. Willamowski, Jr.* for Appellee

**MILLER, J.**

{¶1} Defendant-appellant, Seyoum B. Lawrence ("Lawrence"), appeals the November 18, 2024 judgment of sentence of the Allen County Court of Common Pleas. For the reasons that follow, we affirm.

{¶2} On January 11, 2024, the Allen County Grand Jury indicted Lawrence on eight drug-related charges: Counts One and Eight of trafficking in a fentanyl-related compound in violation of R.C. 2925.03(A)(1), (C)(9)(c), fourth-degree felonies; Count Two of trafficking in a fentanyl-related compound in the vicinity of a school in violation of R.C. 2925.03(A)(1), (C)(9)(d), a second-degree felony; Counts Three and Four of trafficking in a fentanyl-related compound in violation of R.C. 2925.03(A)(1), (C)(9)(d), third-degree felonies; Count Five of possession of a fentanyl-related compound in violation of R.C. 2925.11(A), (C)(11)(g), a first-degree felony; Count Six of having weapons while under disability in violation of R.C. 2923.13(A)(3), (B), a third-degree felony; and Count Seven of engaging in a pattern of corrupt activity in violation of R.C. 2923.32(A)(1), (B)(1), a first-degree felony. Count Five included a firearm specification pursuant to R.C. 2941.141(A), a major-drug-offender specification pursuant to 2941.1410(B), and specifications for forfeiture of a gun, automobile, and money in a drug case pursuant to R.C. 2941.1417(A). Count Seven included specifications for forfeiture of a weapon,

vehicle, and property pursuant to R.C. 2941.1417(A). Lawrence filed a written plea of not guilty on January 19, 2024 to all counts and specifications in the indictment.

{¶3} On August 26, 2024, the parties appeared for a change-of-plea hearing. Pursuant to a negotiated-plea agreement, Lawrence withdrew his not-guilty plea with respect to Counts Two, Three, Five, and Seven. In exchange, the State recommended the dismissal of the remaining counts and the gun specification and forfeiture of automobile specifications associated with Count Five. The trial court accepted Lawrence's guilty pleas and found him guilty thereof and continued the matter for a presentence investigation. The trial court filed its judgment entry of conviction on August 27, 2024.

{¶4} The parties appeared for sentencing on October 28, 2024. The trial court determined that Counts Two, Three, Five, and Seven do not merge and sentenced Lawrence to 4 to 6 years in prison on Count Two, 24 months in prison on Count Three, and 11 years to 16 ½ years in prison on Count Five, and 4 to 6 years in prison on Count Seven. The court ordered the sentences to be served consecutively to each other for an aggregate term of 21 years to 26 ½ years in prison. The trial court imposed no fines but ordered the forfeiture of a firearm and $5,544.00 in U.S. currency. The following day, the trial court filed its judgment entry of sentence and filed a amended judgment entry of sentence on November 18, 2024.

{¶5} Lawrence filed his notice of appeal on December 9, 2024. He raises two assignments of error for our review.

### First Assignment of Error

**The record does not clearly and convincingly support the trial court's consecutive sentence findings. (Sent. Tr. pgs. 29-30)**

{¶6} In his first assignment of error, Lawrence argues that his sentence is contrary to law. Specifically, he argues that the trial court's consecutive-sentencing findings were not supported by the record.

*Standard of Review*

{¶7} Under R.C. 2953.08(G)(2), an appellate court may reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*Relevant Authority*

{¶8} "Except as provided in . . . division (C) of section 2929.14, . . . a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States." R.C. 2929.41(A). R.C. 2929.14(C) provides:

> (4) [T]he court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is

necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶9} R.C. 2929.14(C)(4) requires a trial court to make specific findings on the record when imposing consecutive sentences. *State v. Hites*, 2012-Ohio-1892, ¶ 11 (3d Dist.). Specifically, the trial court must find: (1) consecutive sentences are necessary to either protect the public or punish the offender, (2) the sentences would not be disproportionate to the offense committed; and (3) one of the factors in R.C. 2929.14(C)(4)(a), (b), or (c) applies. *Id.*

{¶10} The trial court must state the required findings at the sentencing hearing prior to imposing consecutive sentences and incorporate those findings into its sentencing entry. *State v. Sharp*, 2014-Ohio-4140, ¶ 50 (3d Dist.), citing *State v. Bonnell*, 2014-Ohio-3177, ¶ 29. A trial court "has no obligation to state reasons to

support its findings" and is not "required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *Bonnell* at ¶ 37.

{¶11} Furthermore, pursuant to R.C. 2953.08(G)(2)(a), appellate court may only "modify or vacate consecutive sentences if it clearly and convincingly finds that the record does not support the trial court's consecutive-sentence findings." *State v. Gwynne*, 2023-Ohio-3851, ¶ 22.

*Analysis: Consecutive Sentencing*

{¶12} Lawrence does not argue that the trial court failed to make the requisite consecutive-sentencing findings under R.C. 2929.14(C)(4). Rather, Lawrence contends the record does not support the trial court's findings.

At the sentencing hearing, the trial court stated:

> I'm going to order that the sentences be consecutive to each other under 2929.14(C). I find that consecutive sentences are necessary to protect the public from future crime and to punish the Defendant. And, consecutive sentences under the circumstances are not disproportionate to the seriousness of the conduct and the danger to the public the Defendant poses. Also, . . . all of these offenses, were committed as part of a course of conduct and the harm caused by the multiple offenses is so great and unusual that no single prison term for any of the offenses committed . . . would adequately reflect the seriousness of the conduct.

(Oct. 28, 2024 Tr. at 29-30). The trial court memorialized those findings in its sentencing entries. Accordingly, the record reflects that the trial court made the

appropriate R.C. 2929.14(C)(4) findings before imposing consecutive sentences and incorporated those findings into its sentencing entry.

{¶13} Nonetheless, Lawrence argues that the trial court's finding that consecutive sentences were necessary to protect the public was not supported by the record. Specifically, Lawrence argues that the record does not support the trial court's findings that consecutive sentences were disproportionate to the seriousness of his offenses and the danger he poses to the public. In support of his contention, Lawrence asserts that his prior felony conviction for possession of drugs was approximately 10 years ago, that the record does not indicate that anyone suffered physical or economic harm as a result of his actions, and that his ORAS score was 19 which indicated only a moderate risk of reoffending. However, after reviewing the record, we disagree.

{¶14} The record indicates that Lawrence and several other individuals worked collectively to sell fentanyl as part of an organized operation. Lawrence indicated that he does not use drugs but intentionally sold fentanyl to make a profit. At the sentencing hearing, the trial court expressed concern regarding the dangerous nature of fentanyl, referring to Lawrence's actions as "putting . . . poison in[to] the community." (Oct. 28, 2024 Tr. at 28). Lawrence acknowledged that he understood that fentanyl is a dangerous substance and agreed with the court's characterization of selling fentanyl as playing "Russian Roulette" with the lives of those to whom he sold drugs. (*Id.* at 15). Furthermore, although Lawrence only had two prior felony

convictions in 2014 for possession of heroin, he had several other misdemeanor convictions for drug-related offenses in 2012 and 2018, as well as several OVI convictions.

{¶15} Thus, after reviewing the record, we do not find that the record clearly and convincingly did not support the trial court's consecutive-sentencing findings. Lawrence's first assignment of error is overruled.

**Second Assignment of Error**

**The trial court erred in failing to merge Appellant's convictions for the purposes of sentencing.  (Sent. Tr. pgs. 29-30)**

{¶16} In his second assignment of error, Lawrence argues that the trial court erred by failing to merge his engaging in a pattern of corrupt activity violation should have merged with Counts Two, Three, and Five.  He alleges that the engaging in a pattern of corrupt activity conviction arose from the same conduct, did not cause separate harm, was not committed separately, and had the same animus as Counts Two, Three, and Five.  Again, we disagree.

*Allied-Offenses Review*

{¶17} We review de novo whether offenses are allied offenses of similar import.  *State v. Tall*, 2023-Ohio-1853, ¶ 7 (3d Dist.).  "De novo review is independent, without deference to the lower court's decision."  *State v. Hudson*, 2013-Ohio-647, ¶ 27 (3d Dist.).

R.C. 2941.25, Ohio's multiple-count statute, provides:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶18} The Supreme Court of Ohio has directed the use of a three-part test to determine whether a defendant can be convicted of multiple offenses:

As a practical matter, when determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must ask three questions when the defendant's conduct supports multiple offenses: (1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation? An affirmative answer to any of the above will permit separate convictions. The conduct, the animus, and the import must all be considered.

*State v. Ruff*, 2015-Ohio-995, ¶ 31.

{¶19} "[T]wo or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable." *Id.* at ¶ 23. "At its heart, the allied-offense analysis is dependent upon the facts of a case because R.C. 2941.25 focuses on the defendant's conduct." *Id.* at ¶ 26. "[A] defendant's conduct that constitutes two or more offenses against a

single victim can support multiple convictions if the harm that results from each offense is separate and identifiable from the harm of the other offense." *Id.*

**{¶20}** The term "animus" means "purpose or, more properly, immediate motive." *State v. Logan*, 60 Ohio St.2d 126, 131 (1979), abrogation recognized in *Ruff*. "Like all mental states, animus is often difficult to prove directly, but must be inferred from the surrounding circumstances." *Id.* "Thus, the manner in which a defendant engages in a course of conduct may indicate distinct purposes." *State v. Whipple*, 2012-Ohio-2938, ¶ 38 (1st Dist.). "Courts should consider whether facts appear in the record that 'distinguish the circumstances or draw a line of distinction that enables a trier of fact to reasonably conclude separate and distinct crimes were committed.'" *Id.*, quoting *State v. Glenn*, 2012-Ohio-1530, ¶ 9 (8th Dist.).

*Analysis*

**{¶21}** Lawrence argues that the trial court erred by not merging the engaging in a pattern of corrupt activity charge with the predicate offenses for sentencing. In *State v. Miranda*, the Supreme Court of Ohio held that *State v. Johnson*, 2010-Ohio-6314, the applicable case law for merger analysis at the time, "is not applicable to a RICO violation and that a RICO offense does not merge with its predicate offenses for purposes of sentencing." *State v. Miranda*, 2014-Ohio-451, ¶ 3. Lawrence acknowledges the Supreme Court of Ohio's holding in *Miranda*; however, he contends that because *Miranda* relied on the framework in *Johnson* in reaching its conclusion which the Court described in *Ruff* as "incomplete," the trial court erred

by not applying the analysis outlined in *Ruff* to determine whether the corrupt activity conviction merged with the predicate offenses.  We disagree.

**{¶22}** In *Miranda*, the Supreme Court of Ohio explained its reasoning for its finding that a RICO conviction does not merge with its predicate offenses as follows:

> A RICO offense is dependent upon a defendant committing two or more predicate offenses listed in R.C. 2923.31(I).  However, a RICO offense also requires a defendant to be "employed by, or associated with" an "enterprise" and to "conduct or participate in" an "enterprise through a pattern of corrupt activity."  R.C. 2923.32(A)(1).  "Such pattern must include both a relationship and continuous activity, as well as proof of the existence of an enterprise.  Thus, the conduct required to commit a RICO violation is independent of the conduct required to commit [the underlying predicate offenses]."  (Emphasis added.)  *State v. Dudas*, 2009-Ohio-1001, ¶ 46 (11th Dist.).  *See also State v. Moulton*, 2010-Ohio-4484, ¶ 36 (8th Dist.); *State v. Caudill*, 1998 WL 833729, *9 (3d Dist.).  The intent of RICO is "'to criminalize the pattern of criminal activity, not the underlying predicate acts.'"  *State v. Thomas*, 2012-Ohio-5577, ¶ 61 (3d Dist.), quoting *State v. Dodson*, 2011-Ohio-6222, ¶ 68 (12th Dist.).  *See also Dudas* at ¶ 47.
>
> Moreover, one of the purposes of the RICO statute is to provide "'enhanced sanctions . . . to deal with the unlawful activities of those engaged in organized crime.'"  (Emphasis added.)  *State v. Schlosser*, 79 Ohio St.3d 329, 332 (1997), quoting the Organized Crime Control Act of 1970, Statement of Findings and Purpose, 84 Stat. 922, reprinted in 1970 U.S. Code Cong. & Adm.News at 1073.  "The RICO statute was designed to impose cumulative liability for the criminal enterprise."  *Id.* at 335.  In *State v. Thomas*, 2012-Ohio-5577, ¶ 61, the court stated that "[i]f the purpose of [RICO] is to provide enhanced sanctions, this purpose is furthered by not merging [the predicate offenses with the RICO offense]."  *See also Dudas*, 2009-Ohio-1001, at ¶ 47; *Moulton*, 2010-Ohio-4484, at ¶ 37.

> Construing the similarly worded federal RICO statute, 18 U.S.C. 1962(c), federal circuit courts have similarly concluded that the purpose of RICO in providing enhanced sanctions indicates an intent to permit cumulative punishments for the RICO offense and its underlying predicate offenses. *See United States v. Sutton*, 700 F.2d 1078, 1081 (6th Cir. 1983); *United States v. Greenleaf*, 692 F.2d 182, 189 (1st Cir. 1982); *United States v. Boylan*, 620 F.2d 359, 361 (2d Cir. 1980); *United States v. Grayson*, 795 F.2d 278, 282-284 (3d Cir. 1986); *United States v. Truglio*, 731 F.2d 1123, 1128-1130 (4th Cir. 1984), *overruled on other grounds*, *United States v. Burgos*, 94 F.3d 849 (4th Cir.1996); *United States v. Phillips*, 664 F.2d 971, 1015 (5th Cir. 1981); *United States v. Morgano*, 39 F.3d 1358, 1367 (7th Cir. 1994); *United States v. Kragness*, 830 F.2d 842, 864 (8th Cir. 1987); *United States v. Beale*, 921 F.2d 1412, 1437 (11th Cir. 1991).

*Miranda* at ¶ 13-15. Accordingly, in determining that an engaging in a pattern of corrupt activity conviction does not merge with the underlying predicate offenses, the Supreme Court relied not on *Johnson*, but on the text and statutory scheme of the engaging in a pattern of corrupt activity statute. Furthermore, subsequent to *Ruff*, appellate courts have continued to cite the Supreme Court of Ohio's holding in *Miranda* for the proposition that an engaging in a pattern of corrupt activity conviction does not merge with its predicate offenses for sentencing. *See State v. Christian*, 2016-Ohio-516, ¶ 35 (2d Dist.), quoting *State v. Moulton*, 2010-Ohio-4484, ¶ 38 (8th Dist.) ("'[t]he argument that predicate offenses should be merged with a conviction for engaging in a pattern of corrupt activity has been consistently rejected by Ohio courts, on the basis that 'a RICO violation is a discrete offense that can be prosecuted and punished separately from its underlying predicate offenses'"); *State v. Walker*, 2021-Ohio-4321, ¶ 33 (10th Dist.); *State v. Frost*,

2020-Ohio-6920, ¶ 18 (11th Dist.); *State v. Coleman*, 2019-Ohio-4415, ¶ 53-54 (5th Dist.); *State v. Ross*, 2017-Ohio-9400, ¶ 70 (4th Dist.). Thus, we find Lawrence's argument to be without merit.

{¶23} Lawrence's second assignment of error is overruled.

*Conclusion*

{¶24} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the Allen County Court of Common Pleas.

***Judgment Affirmed***

**WALDICK, P.J. and ZIMMERMAN, J., concur.**

Case No. 1-24-76

# **JUDGMENT ENTRY**

For the reasons stated in the opinion of this Court, the assignments of error are overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered. The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. See App.R. 30.

 

Mark C. Miller, Judge

 

Juergen A. Waldick, Judge

 

William R. Zimmerman, Judge

DATED:
/jlm

-14-